# CITY TRANSP. CORPORATION v. SECKLER.—
## 225 S. W. (2d) 288.

Eastern Section.   May 25, 1949.

Petition for Certiorari denied by Supreme Court, October 7, 1949.

Simmonds & Bowman, of Johnson City, and Howard E. Wilson, of Kingsport, for plaintiff in error.

Cox, Taylor, Epps & Miller and James A. Weller, all of Johnson City, for defendant in error.

McAMIS, J.   The City Transportation Corporation, defendant below, appeals in error from a judgment for $6,500 based upon a jury verdict in favor of William D. Seckler, administrator of the estate of his daughter, aged six years, who was killed by one of defendant's buses one-half hour after she was dismissed from school.

It is very properly conceded that the verdict is supported by material evidence of common law negligence and of a violation of the 30 mile speed limit in business and residential sections, Code Section 2682 (b), Second and Third.   The single insistence made by the assignments is that there is no material evidence on which to apply the speed limit of 15 miles per hour controlling traffic in marked school zones (Ib., First), and that the judgment should be reversed and the case remanded because the court overruled defendant's motion for a directed verdict on that part of the declaration charging a violation of the speed limit in school zones and, by the

charge, left to the jury the question of whether (b) First applies under the facts to be stated.

Count One, a common law count, charges that the bus was being operated through the suburb of Highland Park consisting ''of a large business district composed of stores, taxi stands, theatre and schools together with homes and dwellings adjacent thereto'' where the driver knew there was ''much crossing by pedestrians'', without keeping a proper lookout ahead and at a negligent and unlawful rate of speed.

Count Two, the statutory count, adopts the averment of facts contained in Count One and charges a violation of the Statute in running through a school zone at a speed of more than 15 miles per hour and through a business and residential district at a speed in excess of 30 miles per hour.

Count Three makes no mention of the Statute, charging, however, that decedent's death was the result of defendant's failure to exercise due care and caution in operating its bus on a public highway as outlined in the First and Second Counts where its driver knew that children might be expected in the street at any time ''in this residential and business district and in the school zone at the time of the afternoon when children would reasonably be expected to be upon and about the streets and crossing thereon.''

Bristol Highway runs east from Kingsport through Highland Park and is traversed by defendant's buses running on schedule to a point several miles east of Highland where the buses reverse their course and return to, and through Highland Park and thence to the Kingsport bus station. The driver of the bus which struck deceased had been operating on this route for several months.

The deceased, Lucy Seckler, lived on the north side of the highway across the highway from, and east of Vest's store. She was a student at Dixon School located on a side street and about 400 feet north of the highway. The school was about 2,000 feet east of her home. Students of Dixon School were dismissed at 3:30 P.M. and the undisputed evidence is that the highway was "usually" cleared of children in about 20 minutes. She was struck by the bus after making a purchase at Vest's store as she attempted to cross to the north side of the highway and, presumably, go to her home one block east of the store. There is hearsay testimony, excluded by the court on plaintiff's motion, that she had stopped at her home and had been sent to the store on an errand.

Fred Sheritz testified that he saw the bus approach the point of the accident at a speed of 35 or 40 miles per hour. Other witnesses estimated its speed at 25 or 30 miles per hour, Mr. Shaw, the driver of the bus, fixing it at 20 miles. Evidence for plaintiff indicated that the bus skidded 125 feet and turned to the right, evidently after the driver saw the deceased, striking her with the side of the bus and coming to rest across the sidewalk where the deceased was pinned against the curb by the left rear wheel of the bus. Sheritz also testified the driver was looking back toward a passenger before striking the deceased. This was denied by the driver of the bus and the only passenger on the bus testified that he and the driver had not been talking for some time before the accident.

Code Section 2682 provides that any person driving a vehicle "when passing a school during recess, or while children are going to or leaving school, during its opening and closing hours", if exceeding 15 miles per hour, shall be guilty prima facie of reckless driving.

■■ We hold that the motion for a directed verdict on the charge that the bus was being operated through a school zone in violation of the statute was properly overruled. There is no question but that the accident occurred within the limits marking the zone. The presumption is that the markers were placed there by competent authorities and the limits cannot be presumed arbitrary or unreasonable in the scope of the highway embraced.

■ The time factor presents a more difficult question but we think that was a question for submission to the jury on an appropriate charge. On the motion for directed verdict the court, it is true, had before it undisputed evidence that the highway was "usually" cleared within 20 minutes "or something like that" while plaintiff's intestate was struck 30 minutes after school was dismissed. The purpose of the statute is to protect school children on their way to school from their homes and on their return home from school. The statute says the speed limit shall apply "while children are going to or leaving school during its opening and closing hours." The fact that the highway near the school had cleared in the sense that most of the children had reached their homes by the most direct route would not, in our opinion, make the statute inapplicable as a matter of law as to a child who had been kept at school 10 minutes longer than usual or one who may have loitered 10 minutes along the way or deviated a distance of one block from the most direct route to make a purchase on the way home as a jury might conclude in this case. The statute should not be so narrowly applied as to a driver who was familiar with the factors of location and time.

■■ The charge on the question of the application of the statute controlling the speed limit in school zones

is confined to the language of the statute and is, perhaps, meagre but it is not affirmatively erroneous. We do not understand that defendant complains of the charge except that it is insisted the court erred in submitting to the jury that portion of the statutory count charging a violation of the 15 mile speed limit. In any case, there were no special requests amplifying the charge and it is well settled that a reversal may not be had for meagreness in the charge in the absence of special requests. Tevis v. Proctor & Gamble Distributing Co., 21 Tenn. App. 494, 113 S. W. (2d) 64.

█ If we are mistaken, however, in holding that the court was not in error in overruling the motion for directed verdict as to the charge of the declaration respecting the school zone speed limit, we are clearly of opinion it is the duty of this court to treat any error in respect to that charge as harmless and apply to the judgment the findings of the jury on the common law counts and the charges of violating the 30 mile speed limit in business and residential areas contained in the statutory count.

█ As has been shown, there is material evidence that the driver was looking back in the direction of a passenger as the bus approached the point where the deceased was struck and that the bus was exceeding the 30 mile speed limit in a business and residential district. If it is true, as insisted, that there was no material evidence to support a finding that the limit of 15 miles per hour was violated under the circumstances of time and place shown, under the established rule, we cannot assume that the jury based its verdict on a charge which no evidence supports rather than upon at least two other grounds which could have yielded the same ver-

668

dict and which without question are supported by abundant material evidence.

To paraphrase the language of Chief Justice Green, in Tennessee Cent. Ry. Co. v. Umenstetter, 155 Tenn. 235, 239, 291 S. W. 452, 453, could we reasonably be asked in the circumstances to refer the verdict alone to the charge of a violation of the school zone speed limit assuming there is no evidence to support that charge? On the other hand, are we not compelled to say the defendant breached other duties charged in the declaration it being admitted there was evidence to that effect? Certainly there is nothing before us to show affirmatively that the jury based the verdict upon a charge not supported by proof, rather than upon two other charges sufficiently supported by proof, or to show that the jury was confused.

The opinion then continues: ''We cannot escape the act of 1911 in disposing of this case. We do not think a mere abstraction of the trial judge in delivering his instructions to the jury invaded any constitutional rights of the parties.''

In an earlier portion of the opinion, reference was made to the statute, now Code Section 8824, providing that if any count in a declaration is good the ''damages shall be applied to [that] count'' and reference was followed by a full review of the authorities up to the date of the opinion. Needless to say, they support the conclusions of the eminent author of the opinion.

This Court, in Taylor et al. v. Cobble et al., 28 Tenn. App. 167, 187 S. W. (2d) 648, quoted extensively from the opinion in the Umenstetter case and followed it to hold that in the absence of an affirmative showing that the jury found liability under a count of the decla-

ration unsupported by evidence, the judgment would not be reversed for failure of the trial judge to direct a verdict upon the count not sustained by proof, the presumption being that the judgment appealed from is regular and correct, Code Section 10654, Acts of 1911. Certiorari was denied by the Supreme Court.

It is insisted, however, that the foregoing rule does not apply since the driver of the bus admitted exceeding 15 miles per hour and thus deprived defendant of all defenses if the jury should find that the statutory limit of 15 miles applied. From this it is argued that it must be assumed that the jury went no further than to find that the accident happened in a school zone. The argument is an ingenious one and it has been ably presented but we cannot follow its logic to reach the result desired by counsel. On the contrary, mindful of the two controlling statutes, supra, we must relate the verdict and judgment to the counts supported by the proof and assume that the trial judge and jury did their duty properly.

As a further basis for distinguishing the Umenstetter and Taylor cases, cited supra, it is argued that both of the common law counts contain references to schools in Highland Park thus confusing the jury on the application of the school zone speed limit. These counts of the declaration do refer to schools being located in Highland Park but an examination of the court's charge demonstrates that only one reference was made to schools and that was in connection with the statutory charge relating to school zones.

We find no error and it results that the assignments must be overruled and the judgment affirmed.

Hale and Howard, JJ., concur.