POSTON et al. v. STATE ex rel.—256 S. W. (2d) 63.

Eastern Section.    March 20, 1952.

Petition for Certiorari denied by Supreme Court, February 6, 1953.

Hobart Atkins, of Knoxville, for plaintiffs in error.

George Montgomery, of Knoxville, for defendant in error.

McAMIS, J.  Sam Poston, Pete Day and Peggy Poston have appealed from the judgment of the Circuit Court

of Knox County perpetually enjoining them from possessing or selling intoxicating liquors at 2133 East Vine Avenue in the City of Knoxville, sometimes referred to as 2033 East Vine Avenue. The suit was filed by State of Tennessee, on relation of R. C. Smith, Jr., City Attorney of Knoxville, under the provisions of the "Nuisance Act", Code Sections 9324-9335, both inclusive.

█ Our attention is called to the fact that, at the time of the hearing of the application for a temporary injunction, Relator voluntarily dismissed the proceeding as to Peggy Poston which was followed by a decree duly entered dismissing the suit as to her. This was, apparently, overlooked when the case came on for trial before the court and a jury. Since the dismissal appears from the technical record, it was not necessary that it be called to the court's attention in the motion for a new trial. Gatlinburg Beer Regulation Committee v. Ogle, 185 Tenn. 482, 206 S. W. (2d) 891, and cases cited. The judgment is reversed as to Peggy Poston. .

The proceeding was conducted as in equity, Code Section 9330, and, omitting the issue relating to Peggy Poston, upon the following issues of fact:

"1. Did defendant, Sam Poston, on or prior to November 29, 1948, maintain, conduct or engage in the sale of intoxicating liquor at any building, structure or place in the City of Knoxville, Tennessee, particularly at the place described in the pleadings as 2133, sometimes referred to as 2033 East Vine Avenue, in the City of Knoxville?

"2. Did the defendant, Pete Day * * * aid and abet the other defendants herein in the performance of any of the acts mentioned in Section I hereof,

at any of the places mentioned, and any of the times mentioned in the first Section hereof.''

Both of these issues were answered in favor of the Relator and against the respective defendants. The trial court has concurred and we consider first the contention that there is no competent, material evidence justifying the submission of these issues to the jury.

▮ If there was material evidence to sustain the charges made by the bill, there was no error in refusing to withdraw the issues from the jury. First National Bank v. Barbee, 150 Tenn. 355, 265 S. W. 371; Greenwood v. Maxey, 190 Tenn. 999, 231 S. W. (2d) 315, and see Johnson v. State ex rel., Tenn. App., 257 S. W. (2d) 20, decided October 31, 1950, writ of certiorari denied January 17, 1951, applying the above rule to a proceeding to abate a nuisance under the Statute as here.

Officer C. V. Robbins, Jr., testified that he went, in company with Officer Farner, now deceased, to the home of defendant Sam Poston where he parked on the side street approximately 25 feet from a porch running along the side of defendant's home. On both occasions, Farner got out of the car and Robbins saw him walk up on the porch and knock on a side door. According to Mr. Robbins, on each occasion, a man came to the door and after a brief conversation with Mr. Farner went back in the house and soon returned with a package in his hand. He then saw Farner hand something to the man and when Farner returned to the car he had in his possession, each time, a pint of whiskey. He testified that the man was the defendant Pete Day on the first occasion and a man named Cannup on the second occasion.

Chief of Police Joe Kimsey, testifying for Relator, identified Sam Poston as the man he had arrested on numerous occasions over a period of years for possessing

and storing whiskey. He filed a certified copy of a police record showing arrests and convictions of Poston on these charges. A similar card was filed showing arrests and convictions of Pete Day on the charges of being drunk and possessing whiskey. The address on the Poston card was 2133 East Vine. Chief Kimsey testified that Sam Poston's reputation was that of a bootlegger and that the reputation of the defendant Pete Day is bad. Other than the reference to the premises at 2133 East Vine on the police card of Sam Poston there is no proof of bad reputation of the place. It was stipulated that the premises at 2133 East Vine were jointly owned and occupied by Sam Poston and wife, Peggy Poston.

Pete Day denied that he sold a pint of whisky to Officer Farner in November, 1948, or at any other time but admitted that he was a frequent visitor at the home of the defendant Sam Poston. The defendant Poston did not testify as a witness.

We think the court was correct in refusing to withdraw the issues from the jury and decree in defendant's favor. This case differs from the Johnson case, supra, in only one particular. In that case there was proof that the premises where the Relator charged the commission of acts constituting a nuisance under the Statute had a bad reputation. There was proof of only one sale of whiskey. In this case there is no proof that the defendant Poston's premises had a bad reputation. On the other hand, however, there is proof of two sales of whiskey from the premises and the facility with which Officer Farner made the purchases is strongly suggestive of recurrent sales. This is the test laid down in State v. James, 177 Tenn. 21, 145 S. W. (2d) 783, cited in Judge Hale's opinion in the Johnson case.

We think proof of two sales made openly within 25 feet of a public street and within a period of less than 30 days, from premises of one having the reputation of a bootlegger and without previous acquaintance with the purchaser, constitutes as much evidence for a jury to consider as proof of one sale from premises having the reputation of a place where whiskey is sold, as in the Johnson case.

It was for the jury to say whether the defendant Sam Poston was guilty of acts amounting to a public nuisance as defined by the Statute, Code Section 9324. Having answered that question in favor of Relator, it then became the province of the jury to decide the relative credibility of the witnesses Robbins, Jr., and Pete Day and to resolve the conflicts in their testimony. According to Robbins the defendant Day aided and abetted in the commission of the nuisance. According to the testimony of the defendant Day he had no connection with it. We are bound by the findings of the jury, concurred in by the trial court. It results that the assignments directed to the action of the court in refusing to withdraw the issues from the jury and decree in favor of defendants are overruled.

As sustaining the insistence that the court erred in admitting evidence of prior acts connecting defendant with the possession and sale of whiskey and, particularly, in overruling defendant's objection to the police card, defendant cites and relies upon Keith v. State, 127 Tenn. 40, 152 S. W. 1029, holding that proof of character, good or bad, is restricted to general reputation. It is noted that the sole basis of the objection was that such specific acts are inadmissible and that there was no insistence in the trial court until after the verdict was rendered that the cards, if admissible, were not properly authen-

ticated. We limit our consideration to the ground advanced in the trial court for excluding this evidence.

The same contention was made and overruled in the Johnson case, supra, certiorari denied by the Supreme Court.

Keith v. State, supra, was a criminal action. This is not. There is no certain indication from the record that the specific acts relied upon were offered on the question of defendant's reputation. That was not the real issue in the case, though it is true that, under the statute, reputation is admissible in evidence as tending to sustain the charge that a nuisance is being carried on by the defendant. However, the thing which entitles a relator in such a case to relief is proof of the essential fact that a nuisance is, in fact, being carried on. We think the evidence of specific acts connecting defendant with the possession and sale of whiskey was competent as supporting Relator's insistence that recurrent sales were being made according to the pattern of defendant's previous conduct.

Even in criminal cases, the rule is that whatever tends to explain or elucidate the charge in question, or to demonstrate the guilty connection of the parties therein, may be given in evidence though it may be a ground of another and distinct accusation. Woodruff v. State, 164 Tenn. 530, 51 S. W. (2d) 843; Patterson v. State, 184 Tenn. 39, 195 S. W. (2d) 26.

The final complaint is that the court erred in reading Code Section 9332 making evidence of the general reputation of the defendant and of the place where the nuisance is alleged to exist admissible for the purpose of proving or tending to prove the existence of such nuisance.

This charge was given in connection with the statutory definition of a public nuisance and, while it is the province of the court to settle all questions relating to the admissibility of evidence, there was no error in telling the jury in the language of the statute that reputation could be considered in arriving at a verdict. If defendant conceived that the charge confused reputation with the substantive fact to be proved in such cases, the confusion could have been removed by special request. None was offered and it is now too late to complain. In any case, we do not think prejudice is shown to have resulted even if the charge may be said to overemphasize the effect of proving reputation.

Affirmed, with costs.

Hale and Howard, JJ., concur.