JAMES H. SMITH v. CHARLES MURPHY et ux.

CHARLES MURPHY et ux. v. JAMES H. SMITH. — 346 S. W. (2d) 276.

Eastern Section. November 1, 1960.

Certiorari Denied March 10, 1961.

Reuben H. Nichols, Knoxville, for plaintiff in error James H. Smith.

Hodges, Doughty & Carson, Knoxville, for plaintiffs in error Charles Murphy and wife.

Andrew Johnson and Stuart F. Dye, Knoxville, for James H. Smith as defendant in error.

McAMIS, P. J.    These consolidated cases resulted from a collision between the automobile of Charles Murphy, driven by his wife Faye H. Murphy, and a truck owned and operated by James H. Smith.

Murphy sued Smith for damages to his car and medical expenses incurred in the treatment of his wife. Faye H. Murphy sued Smith for personal injuries and Smith sued Murphy and wife for personal injuries and for damage to his truck. The cases were all consolidated for trial. Smith, as plaintiff, first introduced his proof and rested. Murphy and wife then moved for a directed verdict. Their motion was sustained. Murphy and wife then introduced their proof as plaintiffs and rested. Smith moved for a directed verdict. His motion was sustained. Each of the parties then moved for a new trial which was denied and all parties, as plaintiffs, have

appealed complaining of the action of the Court in directing a verdict and dismissing their respective suits. We consider first the appeal of Smith.

The collision occurred in the daytime August 21, 1958, at the intersection of Whedbee Road and Clifton Street in Knox County. Clifton Street runs north and south and is intersected at right angles by Whedbee Road. The Smith truck approached the intersection from the north. Mrs. Murphy approached from the west. Both streets are paved with asphalt.

Smith, by reason of the injuries he sustained in the collision, was unable to remember what occurred or the speed at which he was traveling. He introduced no witness to the accident. He testified however, that Mrs. Murphy had testified in General Sessions Court that the front of her car extended three feet into the intersection and that the point of contact between the two vehicles was the left front of the car and a tool box suspended under the right front corner of the bed of the truck just back of the cab. All of the evidence including photographs shows this to be correct and it also appears without dispute that the cab of the truck was entirely undamaged. The bed of the truck is a few inches wider than the cab so that the proof fails to exclude the possibility that the car had stopped and was struck by the overhanging tool box after the cab of the truck had passed.

As we have seen, Mrs. Murphy approached the intersection from Mr. Smith's right. If the two vehicles entered the intersection at approximately the same time she had the right of way under T. C. A. sec. 59-828, providing:

"(a) The driver of a vehicle approaching an intersection shall yield the right-of-way to a vehicle which has entered the intersection from a different highway.

"(b) When two (2) vehicles enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right."

Shew v. Bailey, 37 Tenn. App. 40, 260 S. W. (2d) 362, 366, involved an intersectional collision controlled by William's Code, Section 2687, which required the driver on the left *approaching* or entering an intersection to yield the right of way to the vehicle on the right. In construing the statute, Presiding Judge Anderson there said:

"Within the meaning of this statute, vehicles are approaching an intersection 'at approximately the same time' when it would appear to a person of ordinary prudence, in the position of the driver of the vehicle approaching from the left of the other vehicle, that if the two continued on their respective courses, at the same rate of speed, a collision would be likely to occur.

"The question does not necessarily depend upon which vehicle enters the intersection first, but primarily upon the probability of a collision when the relative distances and speeds of the two vehicles are considered. If, when so considered, there appears a likelihood of a collision unless one or the other alters its speed or course, then they are regarded as approaching the intersection 'at approximately the same time', notwithstanding that the vehicle approaching from the left arrived at the intersection first. Cf. Tri-State Transit Co. of Louisiana, Inc. v. Duffey, 27 Tenn. App. 731, 173 S. W. (2d) 706.

"There are numerous cases supporting this interpretation of similar statutes. They are collected in the annotation appearing in 175 A. L. R. 1022.

"Moreover, it is held to be the duty of the driver approaching from the left to determine whether he can safely cross the intersecting street, and this duty does not end with his entry of the intersection but continues as long as there is danger of a collision. See Blashfield, Cyclopedia of Automobile Law and Practice, Sec. 993, page 217; see Perry v. Carter, 188 Tenn. 409, 219 S. W. (2d) 905."

■ As the statute, sub-section (b), now reads it does not in express terms deal with vehicles "approaching" the intersection but we think in making the statute applicable to vehicles entering the intersection at "approximately" the same time the sense and purpose of the present statute is for all practical purposes the same. If two vehicles enter the intersection at approximately the same time they must of necessity have approached at approximately the same time. Any other construction would cause vehicles to race into the intersection in order to come within the protection of subsection (a) which would cause rather than prevent accidents. We hold that the duty to yield begins "when it would appear to a person of ordinary prudence, in the position of the driver * * * [on] the left * * * that if the two [vehicles] continued on their respective courses, at the same rate of speed, a collision would be likely to occur." Shew v. Bailey, supra.

■ If we consider as substantive evidence the testimony of Mrs. Murphy in General Sessions Court in its entirety as it appears in this record it would appear

that the truck was traveling at 45 miles per hour while her car was traveling at a speed of only 5 or 10 miles per hour and had stopped when the impact occurred. Considering the much faster speed of the truck, we would be forced to conclude that it entered the intersection at almost the same time as the car. If we consider as an admission against interest only Mrs. Murphy's testimony that her car had reached a point 3 feet within the intersection in connection with other testimony that the front of the truck at that moment had passed beyond the southerly line of Whedbee Road as extended into the intersection under a proper construction and application of the statute, it must still be said that the two vehicles entered the intersection at approximately the same time within the sense of the statute and that the duty to yield was on Mr. Smith. Mrs. Murphy had a right to assume that he would obey the statute. Halfacre v. Hart, 192 Tenn. 342, 241 S. W. (2d) 421. There is no proof that she failed to stop as soon as it appeared Mr. Smith was not going to yield.

■■ The burden of proof was upon plaintiff Smith to show some negligence on the part of Mrs. Murphy proximately contributing to the collision. Giving full effect to all the proof and allowing every inference favorable to him reasonably to be drawn therefrom, we find nothing from which a jury might find such negligence. The inferences are all to the contrary, i. e., that Smith violated the statute by failing to yield the right of way and that Mrs. Murphy was guilty of no negligence. The Court was, therefore, correct in directing a verdict for Mr. and Mrs. Murphy as defendants.

In behalf of herself and husband in their actions against Smith, Mrs. Murphy testified that she approached

the intersection at a speed of about 25 miles per hour, then decreased her speed and entered the intersection at 10 or 15 miles per hour; that when she was 5 or 10 feet from the intersection she saw the truck, applied the brakes before reaching the intersection and tried to stop but was unable to do so until the front of the car was 3 feet within the intersection where she stopped before being struck by the truck. She variously estimated the distance between her and the truck when she first saw it from 35 to 40 feet to 100 feet.

In sustaining the motion for a directed verdict on the ground that Mrs. Murphy was guilty of contributory negligence as a matter of law, the Court found that she saw the truck when it was 100 feet away from the intersection at which time she was 10 feet away and that she should have had her car under such control that she could have stopped within 10 feet and in time to avoid a collision. With deference to the able circuit judge, it seems to us in so holding the court required Mrs. Murphy to assume that Mr. Smith would continue into the intersection without yielding the right of way as required by the statute and, as a matter of law, placed upon her the whole duty of avoiding a collision.

Some suggestion is made that Mrs. Murphy could have seen the truck sooner if she had looked. As we have seen, however, if she had seen the truck when further away from the intersection she could have assumed that it would yield the right of way and allow her to pass through the intersection in safety. It was her duty to give primary consideration to traffic approaching the intersection from her right and to look first in that direction. She could not, of course, look in both directions at the same time.

The presumption is that Mrs. Murphy was in the exercise of due care, the burden of proof being upon defendant to prove not only that she was guilty of negligence but that her negligence was a proximate cause of the collision. We think these questions should have been left to the jury.

It results that the judgments dismissing the suits of Mr. and Mrs. Murphy are reversed and these two cases are remanded for another trial. Costs of appeals are taxed to Smith and surety. Costs in the case of Smith against Murphy and wife will remain as taxed in the Circuit Court. Costs in the Circuit Court in the cases of Murphy and wife will abide the final result.

Hale and Cooper, JJ., concur.