**Otto V. BURNETT, Plaintiff,**

v.

**The NEW YORK CENTRAL RAILROAD COMPANY, Defendant.**

**Civ. A. No. 5365.**

United States District Court
S. D. Ohio, W. D.

Oct. 4, 1963.

Otto Putnick, Cincinnati, Ohio, for plaintiff.

John J. Farley, Cincinnati, Ohio, for defendant.

PECK, District Judge.

The question presented by defendant's motion for dismissal is whether the sav-

ing clause of a state statute can be applied so as to extend the period within which an action must be commenced under the Federal Employers' Liability Act (45 U.S.C. §§ 51 et seq.). Alleging facts describing a situation covered by the Act, plaintiff filed his petition in the state court within three days of the expiration of the 3-year limitation period provided in 45 U.S.C. § 56. After being non-suited by ruling on defendant's motion directed to venue, plaintiff, within one year brought action in this court. He resists the present motion on the ground that the savings clause in Section 2305.19, Ohio Revised Code, has application since the state court action failed otherwise than upon the merits and he refiled within the year.

Except for a state court decision hereinafter mentioned, counsel agree that there is no decision directly in point. It is, however, plaintiff's contention that the "trend" of the federal court decisions points to the allowance of commencement of action within the savings clause provision. The "trend" is said to have originated in Osbourne v. United States, 164 F.2d 767 (2d Cir. 1947), where the period of limitation was extended because plaintiff was a prisoner of war, and carried further in Frabutt v. New York, Chicago & St. Louis R. Co., 84 F.Supp. 460 (W.D. Pa.1949), where an injured party was a non-resident alien residing in a country with which the United States was at war. Scarborough v. Atlantic Coast Line R. Co., 178 F.2d 253 (4th Cir. 1949), cert. den. 339 U.S. 919, 70 S.Ct. 621, 94 L.Ed. 1343 (1950), went a short step further and held that the defendant was estopped from asserting the limitation defense because of fraud. Of similar effect is Glus v. Brooklyn Eastern District Terminal, 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959). It will be noted that in these cases delay was occasioned either by factors beyond the control of the parties (prisoner of war, existence of state of war), or by the conduct of the defendant (fraud). An entirely different situation presently prevails, since the choice of time and place of filing was in the exclusive control of the plaintiff.

Whether plaintiff could have maintained a tort action under the law of Ohio does not conclusively appear, but such an action would clearly have been barred by the state's 2-year statute of limitations (Ohio Revised Code, Section 2305.10). Either for the purpose of avoiding that limitation or for other reasons plaintiff brought his suit under the FELA and gained among other advantages that of the 3-year period. Having possessed himself of that advantage, plaintiff now seeks the refuge of the Ohio savings clause. However, in our opinion, he is precluded from doing so. Since asserting a right created by the Act, he must comply with its integral and substantive provisions. The limitation provision being substantive in nature, it cannot be extended by the savings clause of the Ohio statute.

The state court case in point to which earlier reference was made is Breneman v. Cincinnati, New Orleans and Texas Pacific Railway Company, 48 Tenn.App. 299, 346 S.W.2d 273 (1961), wherein a conclusion is expressed as to the present state of the federal law which is not supported by presently existing decisions. While the persuasiveness of the Tennessee opinion is recognized, as is the sympathetic aspect of the present plaintiff's situation, lest a hard case make bad law it is here held that the Ohio savings clause is without application. Additionally, justification does not appear for extending a barely discernable "trend" to reach a conclusion which is admittedly contrary to existing law. Accordingly,

It is ordered that the defendant's motion to dismiss this action because the complaint fails to state a claim against this defendant upon which relief may be granted should be and it is hereby sustained and said action is dismissed at plaintiff's costs, with notation of plaintiff's exceptions.