Beverly L. Ledford, Petitioner,

*v.*

Rushie Fisher, et al., Respondents.

439 S.W.2d 781.

(*Knoxville*, September Term, 1968.)

Opinion filed March 26, 1969.

BISHOP, THOMAS, LEITNER, MANN AND MILBURN, Chattanooga, for petitioner.

BELL, WHITSON, PAINTER, MCMURRAY AND CALLAWAY, Cleveland, for respondents.

MR. JUSTICE HUMPHREYS delivered the opinion of the Court.

The Fishers sued Ledford for damages resulting when Mrs. Fisher drove her stationwagon into the side of Beverly L. Ledford's stationwagon at an unmarked crossing. The Fisher's theory of suit and evidence was to the effect, that Mrs. Fisher was approaching an unmarked intersection on Ledford's right with her automobile under control when Ledford drove into the intersection in front of her, causing a collision. In addition to common law negligence, the Fishers charged Ledford violated T.C.A. 59-828(b).

Ledford's theory of defense and evidence was that he had entered the intersection from Mrs. Fisher's left and was more than half way across it, when Mrs. Fisher, driving at a fast rate of speed, estimated up to 60 miles per hour, skidded some 40 feet and then struck his vehicle on the right side, about its middle section. Ledford specially pleaded 59-828(a) as a defense.

The jury accepted Ledford's evidence, and returned a verdict of not guilty. The Court of Appeals reversed, sustaining these two assignments of error:

"1.

The learned Trial Judge committed prejudicial error when he charged the jury in regard to T.C.A. 59-828 that:

'Now, Gentlemen, if one vehicle is already in the intersection before the other one gets there, that vehicle has the right-of-way, and is entitled to proceed regardless of which direction it came from. That's just common sense, you can't run over a man in an intersection because you would have had the right-of-way if both of you had gotten there about the same time, if he is already in it.'

### 2.

The Learned Trial Judge committed prejudicial error in failing to grant Plaintiff's Special Request No. 2, which was tendered at the conclusion of the General Charge and overruled by the Court, and which reads as follows:

'PLAINTIFF'S SPECIAL REQUEST NO. 2:

Gentlemen of the Jury, I further instruct that the question of determining whether two vehicles are approaching an intersection at the same time does not necessarily depend upon which vehicle enters the intersection first, but primarily upon the probability of a collision when the relative distances and speeds of the two vehicles are considered. If when so considered, there appears a likelihood of collision unless one of the two vehicles alters its speed or course, then they are regarded as approaching the intersection at approximately the same time, notwithstanding the fact that the vehicle approaching from the left arrived at the intersection first.

SHEW v. BAILEY
37 Tenn.App. 40,
260 S.W.2d 362, 366' ''

This Court granted certiorari because of a novel question involved in the case.

In order to pass on the legal sufficiency of the trial court's charge, it is necessary to consider everything said to the jury concerning parts (a) and (b) of the Code Section. This, verbatim, is as follows:

"Now, at the beginning of the trial, yesterday, certain code sections were read to you, and I'll read them to you again to refresh your memory about them.

Now, the plaintiff was relying on two code sections, particularly Section 59-828, Subsection (b). 'When two vehicles enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right.'

Now, gentlemen, in that regard, our Supreme Court has held that this phrase 'at approximately the same time' means this, it means that when vehicles are—it means that vehicles are approaching an intersection at approximately the same time, when it would appear to a person of ordinary prudence in the position of it—in the position of the driver of the vehicle on the left, that if the two continue on their respective courses at the rate of speed, a collision would be likely to occur.

The Court has held that that's the meaning of this phrase 'at approximately the same time.'

And in that regard, also, the court has held in the interpretation of this statute that it's the duty of a driver approaching from the left to determine whether he can safely cross the intersecting street, and this duty does not end with his entry into the intersection, but continues as long as there is the danger of a collision.

Now, also the plaintiff is relying on Code Section 59-858, Subsection (a) and that is as follows: 'Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving.'

Now, in that regard, the defendant also is relying on that same code section. Now the defendant also—those

are the two sections that the plaintiff also relies, and it's one of them that the defendant relies on.

The defendant also is relying on another code section, which is the first part of this Section 59-828, and it is as follows: 'The driver of a vehicle approaching an intersection shall yield the right-of-way to a vehicle which has entered the intersection from a different highway.'

Now, in that regard, this statute applies to unmarked intersections, that is to intersections that are not designated by a stop sign or other traffic control devices.

Now, gentlemen, if one vehicle is already in the intersection before the other one gets there, that vehicle has the right-of-way, and is entitled to proceed regardless of which direction it came from. That's just common sense, you can't run over a man in an intersection simply because you would have had the right-of-way if both of you had gotten there about the same time, if he's already in it.''

(After the jury had retired to consider its verdict, at plaintiffs' insistence, it was recalled for further instructions which were given as follows:)

''THE COURT: Gentlemen, the Court feels like that I may have left you a little bit confused about the meaning of these two code sections, and without adding undue emphasis to either one of them, now I would like to make this further remark to you, that the mere fact that one vehicle entered the intersection first would not necessarily mean that the other code section did not apply. Now, that's a matter for you gentlemen of the jury to determine among yourselves, as to which one of them would necessarily apply under the circumstances.

But, I merely wanted to point out to you the fact that the mere fact that one vehicle physically entered the intersection first would not necessarily mean that the other code section would not be operative."

Assignment of error No. 1 is discussed in the Fishers' brief in the following terms:

"A charge to the jury 'if one vehicle is already in the intersection before the other one gets there, that vehicle has the right-of-way and is entitled to proceed regardless of which direction it came from "and further" that's just common sense, *you can't run over a man in an intersection because you would have had the right of way if both of you had gotten there about the same time, if he's already in it'* (emphasis added) is a positive misstatement of the law, because this charge makes it a race to the intersection, and does not permit a finding that the vehicle on the right can have the right-of-way even though the vehicle on the left may have physically entered the intersection first."

In support of this argument, they cite *Shew v. Bailey,* 37 Tenn.App. 40, 260 S.W. 362 (1951); and *Smith v. Murphy,* 48 Tenn.App. 299, 346 S.W.2d 276 (1961).

In 1955, Section 2687, Code of 1932, which was interpreted in *Shew,* was completely rewritten, leaving out provisions then in it and adding a new provision which must be taken into account when the facts make it applicable.

Prior to 1955, the Statute read in pertinent part thus:

"2687. *Meeting and overtaking vehicles, turning at intersections, signals.*—(a) When two vehicles approach or enter an intersection at approximately the same

time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right, except as otherwise provided in section 8 [sec. 2688]. The driver of any vehicle traveling at an unlawful speed shall forfeit any right of way which he might otherwise have hereunder.

(b) The driver of a vehicle approaching but not having entered an intersection shall yield the right of way to a vehicle within such intersection and turning therein to the left across the line of travel of such first mentioned vehicle, provided the driver of the vehicle turning to the left has given a plainly visible signal of intention to turn.''

The 1955 amendment, now T.C.A. sec. 59-828 provided in pertinent part as follows:

''59-828. *Vehicle approaching or entering intersection.*—(a) The driver of a vehicle approaching an intersection shall yield the right-of-way to a vehicle which has entered the intersection from a different highway.

(b) When two (2) vehicles enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right.''

The difference between the two laws is too great to ignore. The Code Section construed in *Shew* was changed so as to strike from it the word ''approach'' and leave only the word ''enter''. The sentence forfeiting the right-of-way for unlawful speed was left out. Also, part (a) was added to the new Code Section, which, in express terms, requires the *driver of a vehicle approaching* an

intersection to yield the right-of-way to a vehicle *which is in the intersection.*

■ This being the law of intersections at the present time, the trial judge did not commit positive reversible error in giving in charge Part (a) of T.C.A. sec. 59-828.

The instruction given concerning Part (a) accords generally with the language of the statute, and since Ledford had pleaded this provision specially as a defense, he was entitled to an instruction thereon.

In 53 Am.Jur. Trial, paragraph 542, at page 433, it is said:

"As a general rule where the law governing a case is expressed in a statute, the court in its charge not only may, but should, use the language of the statute, and may, indeed, be guilty of error if it employs language which constitutes a departure in an essential respect from the statute. However, it is not error to qualify the wording of the statute so as to conform it to construction given by the reviewing courts."

Also see *City Transportation Corporation v. Seckler,* 32 Tenn.App. 661, 225 S.W.2d 288; and *Poston v. State,* 36 Tenn.App. 413, 256 S.W.2d 63.

The second assignment of error should not have been sustained, because the instruction given is enough in accord with *Shew* and *Smith v. Murphy* to protect it from attack as reversible error.

When the trial judge recalled the jury and told it to apply both Parts (a) and (b) of the Statute as the facts required, he met the minimum requirement of the law, and so could not be put in error by declining to give an instruction already given.

■ In this recognition of Part (a) of the Statute, we do not mean that it is absolute in its effect. To the contrary, like all other rights established by statutory rules of the road for motor vehicles, the right is relative to safety, due diligence, and ordinary care. Moreover, if the entry into the highway of the car on the left is in violation of the right-of-way granted by Part (b) of the Statute to the car on the right, then the presence of the left-hand car in the intersection is contrary to law and so would not be accompanied by the right-of-way, which would under these circumstances belong to the car on the right.

■ In other words, it is the duty of every motorist approaching an open intersection to do so with due care, caution and circumspection—bearing in mind that there is no absolute right-of-way there, and if the car on the left arrives at an intersection at a time when there will be a collision with the car on the right if both continue on into the intersection at the same speed, it is the duty of the left-hand car to yield, and if it should not do this, but drive on out into the highway in front of the right-hand car, then Part (a) would not apply.

T.C.A. sec. 59-828 is identical with Uniform Vehicle Code (1956) Sec. 11-401, so the discussion of this section in Vehicle Traffic Law, Edward C. Fisher, page 249 et seq., is of interest.

■■ However, the trial judge cannot be reversed because he did not elaborate upon the interplay of Parts (a) and (b) to the extent we have. There cannot be a reversal under our harmless error statute and rules relating to instructions, unless the charge is positively erroneous, which is not the case here. The two parts of

the Statute were read. Part (b) was explained in the light of its interpretation in *Shew*. And the jury was told to apply parts (a) and (b) as the facts warranted. This was an adequate qualification of the judge's previous charge intimating the car in the intersection had the right-of-way. It required the jury to determine this from the two parts of the statute, giving part (b) its effect as explained in *Shew*.

While Plaintiffs upon special request could have had the Statute explained in detail along the line discussed, they are not now entitled to a reversal because this was not done. The charge may have been meager; it could have been elaborated on; but it is not positively erroneous.

The judgment of the Court of Appeals is set aside and the judgment of the trial court is affirmed.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN, and CRESON, JUSTICES, concur.