Lea *v.* State.

LEA *v.* STATE.

*(Nashville.    March   2,   1895.)*

1. CRIMINAL EVIDENCE. *Of defendant's character.   Charge of Court.*

Where, in a criminal case, the proof shows the defendant's character good before, but bad after, he was charged with the crime for which he is on trial, the Court should charge the jury as follows:  " The character of the defendant before the present charge can be looked to as a witness for or against him as to his guilt or innocence, but his character since then can only be looked to in determining the amount of credit due him as a witness, and cannot be looked to as a witness as to guilt or innocence." *(Post. pp. 496, 497.)*

2. CRIMINAL PRACTICE. *Oath of officer.*

The recital of record in a felony case that the officer in charge of the jury was "sworn to wait on said jurors," without more, is insufficient.   If the record undertakes to set out the oath, it must be done fully.   The safer practice is to recite merely that the officer was sworn "according to law," or "as required by law." *(Post, pp. 497, 498.)*

Cases cited and approved:   Buxton *v.* State, 89 Tenn., 216; Lancaster *v.* State, 91 Tenn., 267.

FROM   WILSON.

Appeal from Circuit Court of Wilson County.    W. C. HOUSTON, J.

THOMPSON & CANTRELL for Lea.

Attorney-general PICKLE for the State.

CALDWELL, J. Sam Lea was convicted of the crime of petit larceny, and has appealed in error. After testifying in his own behalf, he introduced three witnesses as to his general character. All of these witnesses said, upon examination in chief, that they knew the defendant's character, and that it was good up to the time of this charge; and they likewise said, on cross-examination, that his character is bad since this charge, and that they would not now give him credit on his oath, though they would have done so before this charge was brought against him.

With respect to that testimony, the Circuit Judge instructed the jury as follows: "When a defendant puts his character in issue before you," that character becomes a witness in the case. If it be shown to be "good, it is a witness for him, and if bad, it is a witness against him; and such character, good or bad, is taken into consideration with the other evidence in the case in determining his guilt or innocence."

This instruction would be correct in the ordinary case, in which the witnesses, speaking in regard to the defendant's character, are confined to that character as existing at the time the charge was made against him; but it is erroneous when applied to testimony with respect to his character both before and after the charge was made, as in this case.

The defendant's character, whether good or bad, since the charge, cannot affect the question of his guilt or innocence of the crime imputed to him.

His character since the charge may well go to his
credibility as a witness in his own behalf, because
existing at the time he testifies; but it does not
reach or illustrate the question of his guilt or in-
nocence.

Lea's counsel sought to have the proper distinc-
tion made by the following request: "The charac-
ter of the defendant before the present charge can
be looked to as a witness for or against him as
to his guilt or innocence, but his character since then
can only be looked to in determining the amount of
credit due him as a witness, and cannot be looked to
as a witness as to guilt or innocence." The instruc-
tion thus requested was erroneously refused.

The record shows that the trial of this case in
the Court below occupied two days; and the only
entry in reference to the oath administered to the
officers in charge of the jury during the interven-
ing night, recites simply that they were "sworn to
wait on said jurors until the meeting of the Court
to-morrow morning, at 8:30 o'clock." This entry
is fatally defective. The oath shown to have been
taken contains hardly a single element of that re-
quired by law. It contains not a word involving
any kind of restraint upon the public, upon the jury,
or upon the officers themselves; and only constrains
the officers "to wait on the said jurors." In every
felony case the record should show affirmatively that
the requisite oath was administered to the officer or
officers in charge of the jury pending the trial.

32—10 P

This may be done by spreading the oath at large upon the minutes of the Court, or by the short recital that the officer or officers were sworn according to law, or as required by law. *Buxton* v. *State*, 89 Tenn., 216; *Lancaster* v. *State*, 91 Tenn., 267. The latter is the safer practice. Neither was done in this case. The record before us purports to set out the whole oath given, and no presumption can be indulged that a fuller, or sufficient oath was in fact taken.

Reverse and remand.