## CLAUDE KEITH *v.* STATE.*

## [(*Nashville.* December Term, 1912.)

**1. CRIMINAL LAW. Character of accused, put in issue by himself, is a witness for or against, as it is good or bad.**

Where the accused puts in issue his character for peace, quietness, and good order, it is a witness for him if a good character, and a witness against him if a bad character, by which is meant that character, when put in issue, is a circumstance or fact, to be considered in connection with all the other facts in the case, in endeavoring to reach a conclusion as to the guilt or innocence of the accused. (*Post, pp.* 42, 43.)

Acts 1911, ch. 32, cited.

Cases cited and approved: Lea v. State, 94 Tenn., 495; State v. Collins, 5 Pennewill (Del.), 263.

**2. SAME. Same. Character of accused, whether good or bad, is defined.**

Character, as used in the criminal law with reference to the character of the accused, means his fixed disposition or tendency, as evidenced to others by his habits of life, through the manifestation of which his general reputation for the possession of a character, good or bad, is obtained; for the natural and reasonable inference is that a man will generally act in accordance with his character as the law of his life. (*Post, pp.* 43, 44.)

---

*As to evidence of specific instances to prove character, see note in 14 L. R. A. (N. S.), 689. And on the right of defendant in criminal case to prove character, generally, see note in 20 L. R. A., 612.

The question of the right of a witness to testify to character from personal knowledge is treated in a note in 22 L. R. A. (N. S.), 650. And as to the competency to testify to reputation of accused for peace or violence, see note in 2 L. R. A. (N. S.), 553.

The question of evidence of character to impeach witness is considered in a note in 41 L. R. A. (N. S.), 901.

Keith v. State.

3. SAME. Proof of character is restricted to general reputation. The proof of character, good or bad, is rea icted to general reputation. (*Post, p.* 44.)

Case cited and approved: Williams v. United States, 168 U. S., 382.

4. SAME. Accused as witness may be impeached by questions as to acts of moral turpitude.

Where the prisoner is a witness in his own behalf, he may, on cross-examination, for the purpose of affecting his credit as a witness, be questioned about special acts of moral turpitude. (*Post, p.* 44.)

Cases cited and approved: Zanone v. State, 97 Tenn., 101; Powers v. State, 117 Tenn., 363.

5. SAME. Proof of good character of accused is not limited to doubtful cases.

Proof of good character of accused, upon the issue of guilt or innocence, is not limited to doubtful cases. (*Post, p.* 44.)

Cases cited and approved: Edgington v. United States, 164 U. S., 361; Daniels v. State, 2 Pennewill (Del.), 586.

Case cited and overruled: Bennett v. State, 8 Humph., 118.

---

FROM DeKALB.

---

Appeal from the Circuit Court of DeKalb County.— E. L. DAVIS, Judge.

WADE, CROWLEY & LAWSON, for Keith.

ATTORNEY-GENERAL CATES, for State.

---

MR. JUSTICE NEIL delivered the opinion of the Court.

In this case plaintiff in error was convicted of murder in the second degree, and sentenced to a term of

twenty years in the State penitentiary, for killing one
L. E. Smithson, to reverse which judgment he has ap-
pealed to this court. We are fully satisfied of his guilt
under the facts as proven in the record, and that all
of the errors assigned are without merit.

In the present opinion we shall refer to only one of
the law points involved. There was evidence introduced
on the trial, which was treated by counsel on both sides,
and by the trial judge, and by both counsel here, as a
putting in issue by the plaintiff in error of his character
for peace, quietness, and good order. We shall accord-
ingly treat the evidence in the same manner, although,
(if we had any substantial doubt of the guilt of the
prisoner, we might find in this evidence grounds of dis-
tinction sufficient for a reversal, but for Acts 1911, ch.
32. So treating the evidence, his honor instructed the
jury, in substance, that when the defendant in a crim-
inal case puts his character in issue, it is a witness for
him if a good character, and a witness against him if
a bad character. The objection made here by counsel
for the prisoner is to the last clause; that is, as to what
was said on the subject of bad character.

This was held a proper charge in *Lea* v. *State,* 94
Tenn., 495, 29 S. W., 900. However, it must be conceded
that in that case the special point to which the mind of
the court was directed was that the character must be
such as the plaintiff in error had exhibited prior to the
commission of the offense charged. But the soundness
of the general proposition was treated by the court as

Keith v. State.

indubitable.   The case of *State* v. *Collins,* 5 Pennewill
(Del.), 263, 62 Atl., 224, is in substantial accord.

After all, it simply means that the character, when
put in issue, is a circumstance or fact, to be considered
in connection with all the other facts in the case, in en-
deavoring to reach a conclusion as to the guilt or inno-
cence of the party charged.   One who has a good char-
acter for peace, quietness, and good order is not so likely
to bring on a difficulty, or be guilty of an overt act of
violence, as one of the opposite character.   If character
were not permitted to have weight when bad, as well as
when good, there would be no sound reason for the rule
that the character of the accused cannot be put in issue
in a criminal case, except by himself.   If it be replied
that the reason is the jury might be inadvertently in-
fluenced by evidence of bad character, then it would be
the duty of the trial judge to warn them in every such
case against a misconception on that point; but we know
of no authority which so holds.   Again, there would be
no good sense in granting to the prosecution the right
to attack the character of the accused after he has put
it in issue, unless it be permitted to have the benefit of
that attack; and, if that be permitted, no sound objec-
tion can be offered to an instruction of the trial judge
that the prosecution is entitled to such benefit.   Char-
acter, as used in the law of evidence, in the special as-
pect in which we are considering it, is fixed disposition
or tendency, as evidence to others by the man's habits
of life, through the open manifestation of which his
general reputation for the possession of this or that

character is obtained. The natural and reasonable inference is that a man will generally act in accordance with his character. It is the law of his life. No valid reason can be offered to show that a bad character will not prompt to a bad action, as readily as a good character will prompt to a good action, or restrain its possessor from the commission of a bad one.

The proof of character, good or bad, is, of course, restricted to general reputation (*Williams* v. *United States,* 168 U. S., 382, 18 Sup. Ct., 92, 42 L. Ed., 509), except where the prisoner is a witness in his own behalf, when, on cross-examination, he may, for the purpose of affecting his credit as a witness, be questioned about special acts of moral turpitude (*Zanone* v. *State,* 97 Tenn., 101, 36 S. W., 711, 35 L. R. A., 556; *Powers* v. *State,* 117 Tenn., 363, 97 S. W., 815).

We have one case (*Bennett* v. *State,* 8 Humph., 118) holding that good character is available on the issue of guilt or innocence only in doubtful cases. This is opposed to the great weight of modern authority, which supports the office which we have herein assigned to good character. *Edgington* v. *U. S.,* 164 U. S., 361, 17 Sup. Ct., 72, 41 L. Ed., 467; *Daniels* v. *State,* 2 Pennewill (Del.), 586, 48 Atl., 196, 54 L. R. A., 286, and authorities cited. As observed in the case last cited, and in authorities therein quoted, if the case be a doubtful one, the prisoner does not need the evidence.

Affirm the judgment.