## OREE McKENZIE, III, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

### 462 S.W.2d 243.

Court of Criminal Appeals of Tennessee. Sept. 2, 1970.

Certiorari Denied by Supreme Court Jan. 4, 1971.

Phillip E. Kuhn, Memphis, for plaintiff in error.

David M. Pack, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, Jewett H. Miller, and Arthur T. Bennett, Asst. Dist. Attys. Gen., Memphis, for defendant in error.

## OPINION

GALBREATH, Judge.

The plaintiff in error appeals his conviction for assault with intent to commit first degree murder for which he was sentenced to serve not more than ten years by the Shelby County Criminal Court.

Assignments of error are based on complaints that:

(1) The evidence was insufficient to sustain the conviction;

(2) The State was not compelled to furnish a copy of a statement obtained from a co-defendant who testified for the prosecution;

(3) Proof that the defendant was associated with a black militant organization was admitted for the purpose of prejudicing the jury;

(4) A severance and separate trial was not ordered;

(5) Proof of a prior felony and a prior misdemeanor conviction was elicited on cross examination of the defendant; and

(6) Argument of counsel for the State was improper and prejudicial.

The only allegations in the motion for a new trial complained of the insufficiency of the evidence and the failure of the trial judge to instruct the jury to disregard certain unspecified "unconnected evidence," which we assume referred to the proof of other convictions summarized above as the fifth ground relied on for reversal.

The proof before the jury, including the testimony of an accomplice strongly corroborated by a number of other witnesses, justifies the jury in finding:

That the defendant, together with Ben Heard Berry, principal witness for the State, John Gary Williams, and Womax Stevenson, following a confrontation between Memphis police and a crowd of black residents during an arrest of a young Negro man, armed themselves and hid behind an embankment facing an isolated street;

That one or more of them persuaded a young girl, Gloria Goodman, to call the Memphis police and report a disturbance near the point where they lay in ambush; and

That when the police car arrived on the scene it was fired upon from ambush and one of its occupants, Patrolman Robert J. Waddell, was shot in the leg.

The only real dispute from the numerous witnesses

who testified against the defendant McKenzie was in the importance of the role played by him in the overall planning and execution of the ambush assault—some testimony being to the effect that the State's witness Berry was the leader or instigator, other testimony to the effect that McKenzie was the more dominant. In either event the proof certainly supports the verdict of the jury that McKenzie committed the crime of assault with intent to commit murder. It would seem to have been enough to support the crime of assault from ambush charged in the first count of the indictment, which may be punished by confinement for life or any term not less than ten years. He was acquitted of the higher felony, however, as were his co-defendants. Womax Stevenson also was found guilty of assault with intent to commit murder, and John Gary Williams was sentenced to not more than two years for assault with intent to commit manslaughter. Stevenson made no appeal, and Williams abandoned his and asked to commence serving his sentence. The assignment challenging the proof is overruled. So are all the others.

Even though most of the other matters complained of were not called to the attention of the trial judge for corrective action on motion for a new trial, and we are not required to consider them (Rule 14[5] and numerous decisions such as Kirby v. State, 214 Tenn. 296, 379 S.W.2d 780), we will discuss the other legal reasons why the other assignments must be rejected.

■ There is no compulsion under T.C.A. § 40-2044 for the State to make available statements its agents obtain in the course of criminal investigations from co-defendants. On the contrary, the statute does not apply to "* * * any work product of any law enforcement

officer or attorney for the State or his agent or to any oral or written statement given to any such officer * * * by any witness * * * other than the defendant." The contention of the plaintiff in error to the contrary is rejected.

█ It would have been difficult to have tried this case without reference to an organization referred to by both State and defense witnesses as the "Invaders." The defendant freely discussed his association and separation from this group while being examined by his attorney. There is nothing suggested from the record to indicate that the jury was prejudiced by the suggestion that the crime committed was part of a plan formulated by members of the organization. The assignment complaining of such testimony is overruled.

█ Inasmuch as the record does not indicate that the defendant McKenzie ever moved for a severance, it is difficult to understand how the trial judge could be put in error for not ordering his trial to be separated from those co-defendants other than Berry, whose trial was severed since he was to be a witness for the State. This assignment is also overruled.

Error was committed by the trial court and all concerned in allowing the defendant to be cross examined concerning prior convictions not involving moral turpitude. After prolonged discussion as to whether or not counsel for the State could inquire of the witness if he had been convicted of inciting to riot, a felony, while an appeal from this conviction was pending, the court ruled on the basis of the holding in McGee v. State, 206 Tenn. 230, 332 S.W.2d 507, that such testimony is admissible

for impeachment purposes only. The defense offered to stipulate that the defendant had indeed been convicted of inciting to riot and offered no objection when counsel for the State inquired about a misdemeanor conviction for inciting children of 18 and under to leave school.

" '(1) The rule with regard to the admission of evidence of other offenses on a criminal trial is well stated to be: "Evidence material to the issue under investigation in a criminal case is never rendered incompetent because it tends to show that the accused has committed other crimes. It is competent or incompetent according to whether it is relevant to the issue on trial and has probative value. If incompetent by that test, its tendency to show guilt of another offense may cause it to be prejudicial to the accused and therefore ground for reversal." '

"When and to what extent this cross examination may be indulged in has been dealt with in Zanone v. State, 97 Tenn. 101, 36 S.W. 711, 35 L.R.A. 556; Ryan v. State, 97 Tenn. 206, 36 S.W. 930; Powers v. State, 117 Tenn. 363, 97 S.W. 815; and in Keith v. State, 127 Tenn. 40, 152 S.W. 1029, 1030, where this Court said that the rule that 'where the prisoner is a witness in his own behalf, * * * on cross examination, he may, for the purpose of affecting his credit as a witness, be questioned about special acts of moral turpitude.' This is about the extent of our former holdings. In so far as we know, no reported case has directly ruled on the question here involved, wherein the indictment does not involve an act of moral turpitude.

"(9) 'Moral turpitude' has no satisfactory definition. Vol. 2 Bouvier's Law Dictionary, Rawle's 3rd Rev., gives the accepted legal definition of the term as: 'An act of baseness, vileness, or depravity in the private and social duties which a man owes to his fellowmen or to society in general, contrary to the accepted rule or right and duty between man and man.' " Brooks v. State, 187 Tenn. 67 at pp. 75-76, 213 S.W.2d 7 at pp. 10-11.

If defense counsel had interposed objections based on proper grounds, i. e., the acts forming the bases of the convictions did not involve moral turpitude, then the trial court should have sustained the objections and excluded the evidence. Causing children to leave school for political, social, or any supposed good or mischievous reason may well constitute a violation of the law, but it does not involve the sort of activity that would tend to shed light on whether or not a person should be believed under oath. We do not believe the failure to object on valid available grounds was a deliberate attempt to put the court in error so as to leave an escape route open via appeal in the case. Counsel for the defense waged a most vigorous fight, and it is clear that when his objection to the admission of the testimony on other grounds was overruled he still felt strongly that its admission was improper. Otherwise we would not be considering the effect of the error involved. It has been held in cases in which proper objections were *not* made *to* incompetent proof:

" 'We have repeatedly held that a party cannot, either in a civil or criminal case, sit by and not object to

testimony, take his chance of acquittal or conviction on testimony deemed incompetent, and then ask a reversal for such testimony in this court.' Cantrell v. State, 2 (Shan.) Tenn.Cas. 249. See Troxell v. State, 179 Tenn. 384, 166 S.W.2d 777.

"The reason for the rule above announced is that the opposite party may be given an opportunity to act advisedly and not be entrapped into error after it is too late to remedy the matter by introducing other evidence which might be done upon specific objection. Crane v. State, 94 Tenn. 86, 28 S.W. 317; Patterson v. State, 184 Tenn. 39, 195 S.W.2d 26." Wilson v. State, 190 Tenn. 592, 230 S.W.2d 1014.

If we could perceive any detrimental results from the erroneous introduction of prior offenses not involving moral turpitude for the purpose of impeachment, we would reverse. That neither this proof, nor argument of counsel as complained of in the last assignment of error, was prejudicial to the extent that the final outcome was affected is evident from the fact that the jury acquitted this defendant of the crime the proof actually made out (that of assault from ambush) and rejected the plea of the Assistant Attorney General to impose a sentence of 99 years—a sentence which would have been upheld under the law and facts of this case. The defendant Stevenson, not involved insofar as the proof indicates in the other crimes, was certainly not prejudiced by the improper testimony; and he and McKenzie were treated equally as the jury imposed the same sentence on each. As Justice Gailor said in a case involving erroneous admission of proof of unrelated crime:

"Now some of the other assignments of error may have some merit in them insofar as the sole question of whether or not some phases of the trial were erroneous. In fact we think the Assistant Attorney General was guilty of improper conduct in repeatedly asking questions about collateral matters that did not involve moral turpitude and ordinarily this would in all probability have brought about a reversal of the case on account of its similarity to the situation in Gray v. State, 191 Tenn. 526, 235 S.W.2d 20. We have examined this entire record very carefully, however, and we are of the opinion that none of the matters raised in the other assignments, even if erroneous, were prejudicial, and therefore, under the harmless error statute we will not reverse." Thorpe v. State, 202 Tenn. 298, 304 S.W.2d 309.

A careful reading of the more than twelve hundred pages of the record in this case leaves no room for reasonable doubt as to the guilt of the defendant. His own testimony to the effect that he was with the other defendants at the time and place of the crime, that shots were fired at the police, and that he ran away would sustain a conviction. Add to this the overwhelmingly credible and damning testimony of others that makes out all the elements of the crime charged in a graphic and convincing manner, and it is obvious that the error involved in the admission of the incompetent testimony was harmless beyond a reasonable doubt. See Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284.

The judgment of the trial court is affirmed but modi-

fied to specify the minimum sentence of three years provided by law.

RUSSELL, J., concurs in results.

HYDER, J., concurs.