**Clarence Robert MUNSEY, Plaintiff in Error,**

v.

**STATE of Tennessee, Defendant in Error.**

Court of Criminal Appeals of Tennessee.

Feb. 23, 1973.

Certiorari Denied by Supreme Court
May 7, 1973.

Robert M. Stivers, Jr., Knoxville, for plaintiff in error.

David M. Pack, Atty. Gen., John B. Hagler, Jr., Asst. Atty. Gen., Nashville, Ronald A. Webster, Dist. Atty. Gen., Joseph Nigro, Asst. Dist. Atty. Gen., Knoxville, for defendant in error.

WALKER, Presiding Judge.

## OPINION

In two counts the Knox County grand jury indicted the defendant, Clarence Robert Munsey, for simple robbery and for robbery with a deadly weapon. The trial jury convicted him of robbery with a deadly weapon and fixed his punishment at ten years in the penitentiary. From the judgment and sentence, he appeals in error to this court.

The state's proof, accredited by the jury, showed that the defendant and an unidentified accomplice entered the Family Pantry Market in Knoxville about 10:30 P.M., November 30, 1971. The accomplice held a pistol on the manager and ordered him to open the cash register. The accomplice took the paper money and told Munsey to get the change. Munsey did this and he and the accomplice ran out of the store.

An employee had known Munsey for a long time. The manager recognized him as one who had been in the store before and positively identified him at the trial. The manager had picked Munsey's photographs from a number shown him soon after the robbery.

Munsey fled from Knoxville after the robbery. Following his return about three months later, he was arrested for driving while intoxicated. An officer investigating this offense saw him in city jail De-

cember 15, 1971, but did not question him then. On December 17, after proper warning, the defendant denied participating in or knowing anything about the robbery.

The next morning the defendant sent for the officer and, after further warning, gave the officer a written statement to the effect that he had been coerced and threatened by two unknown men into accompanying one of them into the store; that he was an unwilling participant in the robbery.

Testifying in his own behalf, Munsey repeated in substance his written statement. He said he had been drinking beer and had one narcotic pill on this occasion; he was on the street when two men unknown to him invited him into their automobile to get some more beer; that one pulled a pistol on him, threatened to kill him and forced him to go with the gunnman into the store; that all he did there was on account of those threats and coercion and that he did not willingly take part in the robbery.

Munsey said the robbers threatened to kill him if he reported the crime to the police and that he fled Knoxville because he feared for his life.

■ The jury accepted the state's theory of the case and did not believe the defendant. The evidence does not preponderate against that verdict. The assignments on the weight of the evidence are overruled.

The defendant contends his written statement was inadmissible because he was incapable of waiving his rights and making a voluntary statement. He says he was under the influence of drugs at that time.

■ In a hearing out of the presence of the jury, the officer testified that Munsey appeared to have a hangover on both days statements were made; that he was nervous but appeared emotionally fit to him. The defendant did not testify at this hearing or offer any proof on his physical or mental condition. We think the trial judge properly held the statements voluntary. See Lloyd v. State, 223 Tenn. 1, 440 S.W. 2d 797.

Further, the defendant took the stand before the jury and testified to the identical facts he had given in his written statement. Coercion was his defense and his earlier statement was in accord with his testimony. See McClain v. State, Tenn. Cr.App., 445 S.W.2d 942.

■ The defendant says the court erred by permitting an officer to testify that the employee gave him the defendant's name soon after the robbery. He objected to this as hearsay.

The employee testified to this same fact and identified the defendant at trial. The defendant did not contend that he was not present at the robbery and his presence there was not an issue. This assignment is without merit.

The defendant assigns as error that the court permitted the state to ask him if he were an escapee from the Knox County Workhouse before this offense and also in not permitting him to explain why he escaped. The court held this escape was admissible of his credibility.

■ The offense of escape does not involve moral turpitude and was not admissible for impeachment purposes. No inquiry on the escape should have been permitted on the question of the defendant's credibility. We do not think it could have influenced the verdict and this asignment is overruled. T.C.A. § 27–117. Bolin v. State, Tenn.Cr.App., 472 S.W.2d 232; McKenzie v. State, 3 Tenn.Cr.App. 362, 462 S.W.2d 243. We find no prejudice in the court refusing to allow the defendant to testify about this matter. The assignment is overruled.

■ The defendant orally asked for an instruction on petit larceny. This was properly refused. The evidence did not support this lesser included offense and it

was not error to decline it. James v. State, 215 Tenn. 221, 385 S.W.2d 86.

■ The defendant asserts the court should have given all of his special request on coercion and compulsion. The trial judge fully and adequately covered this defense in his general charge. See Bostick v. State, 210 Tenn. 620, 360 S.W.2d 472. The court did not err in his refusal to instruct further.

All assignments have been considered and are overruled.

The judgment is affirmed.

MITCHELL and O'BRIEN, JJ., concur.