IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs December 7, 2004

## STATE OF TENNESSEE v. CARL MCINTOSH

**Direct Appeal from the Circuit Court for Madison County**
**No. 02-290      Donald H. Allen, Judge**

_____

**No. W2003-02359-CCA-R3-CD  - Filed March 30, 2005**

_____

The Defendant, Carl McIntosh, was convicted by a jury for: the sale of 0.5 grams or more of cocaine on October 5, 2001, the delivery of 0.5 grams or more of cocaine on October 5, 2001; and two counts of simple possession on October 9, 2001.  The trial court sentenced the Defendant as a Range I, standard offender, to an effective sentence of twelve years, eleven months and twenty-nine days.  On appeal, the Defendant contends that: (1) the trial court erred in admitting the forensic chemistry report dated October 31, 2001 into evidence; (2) the trial court erred in ordering his sentences for the current offenses to be served consecutively; (3) the trial court erred in ordering the Defendant's misdemeanor sentence to run consecutively to his paroled sentences; and (4) the trial court's enhancement of the Defendant's misdemeanor and felony sentences beyond the presumptive minimum sentence violated the rule set forth in Blakely v. Washington, ___ U.S. ___, 124 S. Ct. 2531 (2004).  After a thorough review of the record, we affirm the Defendant's convictions and sentences.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES, J., joined.  THOMAS T. WOODALL, J. filed a dissenting opinion.

George Morton Googe, District Public Defender; Brigitte N. Tubbs, Assistant District Attorney General; Jackson, Tennessee, (on appeal) and Micheal Mosier, Jackson, Tennessee, (at trial), for the appellant, Carl McIntosh.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; James G. Woodall, District Attorney General; and Angela R. Scott, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I.  Facts**

The Defendant was indicted for the sale of 0.5 grams or more of cocaine on October 5, 2001, in count one; for the delivery of 0.5 grams or more of cocaine on October 5, 2001, in count two; for the sale of 0.5 grams or more of cocaine on October 9, 2001, in count three; and for the delivery of 0.5 grams or more of cocaine on October 9, 2001, in count four.

The following evidence was presented at the Defendant's trial: Roy Lake worked for the Jackson-Madison County Metro Narcotics Unit as a confidential informant in 2001. Mr. Lake arranged to make two separate purchases of cocaine from Defendant on October 5 and October 9, 2001. Sergeant Billy Carneal and Investigator Tyreece Miller, who were assigned to the narcotics unit in 2001, monitored the sales. Both transactions followed the same procedure. Mr. Lake met the two officers at the fairgrounds in Jackson. The officers searched Mr. Lake and his truck and then gave Mr. Lake $50.00 to purchase the drugs. Mr. Lake was wired with an audio transmitter which was monitored by Sergeant Carneal. Mr. Lake drove to Defendant's residence, and Sergeant Carneal and Investigator Miller parked some thirty yards away. Although the porch light was visible from the officers' vantage point, neither officer saw the Defendant while Mr. Lake was at his house. In a few minutes, Mr. Lake returned to his truck and drove back to the fairgrounds. The officers searched Mr. Lake and his truck again, and Mr. Lake handed over the drugs he had bought from the Defendant.

Brian Eaton, a special agent with the Tennessee Bureau of Investigation, testified that the cocaine purchased from the Defendant on October 9, 2001, weighed 0.8 grams. Agent Eaton said that Lisa Mays originally tested the cocaine purchased from the Defendant on October 5, 2001, and determined that the cocaine weighed 0.5 grams. Agent Mays did not testify at trial. Because Agent Mays no longer worked for the TBI, Agent Eaton retested the drugs the day before the Defendant's trial on October 14, 2002. The second test showed that the cocaine purchased on October 5, 2001 weighed 0.4 grams. Agent Eaton explained that the difference in weight was attributed to the consumption of part of the drugs during the first test. Agent May's forensic chemistry report dated October 31, 2001, was introduced into evidence without objection by the Defendant.

Defendant testified in his own behalf and denied that he sold cocaine to Mr. Lake. The Defendant said that he and Mr. Lake had previously worked together, but that he had not seen Mr. Lake for awhile prior to October 5, 2001, when Mr. Lake stopped by his house on that date. He and Mr. Lake conversed for a few minutes, and then Mr. Lake said that he had to use the restroom. When he came out, Mr. Lake left the Defendant's house. The Defendant said that he was at a neighbor's house on October 9, 2001, and did not see Mr. Lake on that date. On cross-examination, the Defendant conceded that he had not held a full time job since 2000, but said that he occasionally worked at his sister's funeral home. He said that he owned two automobiles but said that he did not own the Ford Mustang in front of his house.

Based upon this evidence, a jury convicted the Defendant of sale of 0.5 grams or more of cocaine on October 5, 2001, in count one and for the delivery of 0.5 grams or more of cocaine on October 5, 2001, in count two, both Class B felonies. The jury convicted the Defendant of the lesser included offense of simple possession on October 9, 2001, a Class A misdemeanor, in counts three

and four.  The trial court merged the Defendant's conviction in count one with his conviction in count two, and merged his conviction in count three with his conviction in count four.  Following a sentencing hearing, the trial court sentenced the Defendant as a Range I, standard offender, to twelve years for his felony conviction and eleven months, twenty-nine days for his misdemeanor conviction.  The trial court ordered the Defendant's misdemeanor sentence to be served consecutively to his felony sentence for an effective sentence of twelve years, eleven months and twenty-nine days.  The trial court ordered the Defendant's sentences for his current convictions to run consecutively to his unexpired prior sentences.

## II.  Admissibility of Laboratory Report

The Defendant contends that the admission into evidence of Officer Mays' laboratory report dated October 31, 2001, violated his constitutional right to confront the witnesses against him.  The Defendant concedes that he did not object to the admission of the report at trial but requests that this Court address the issue as plain error under Rule 52(b) of the Tennessee Rules of Criminal Procedure.  The State admits that the laboratory report was offered for the truth of the matters asserted in the report and thus constituted hearsay.  See Tenn. R. Evid. 801(c).  The State argues, however, that The Defendant has waived consideration of the issue on appeal, or, alternatively, that the admission of Officer Mays' report does not rise to the level of plain error.

The United States Supreme Court's recent decision in Crawford v. Washington, 541 U.S. 36 (2004), concluded that out-of-court statements that are testimonial in nature are not admissible under the confrontation clause unless the State shows that the declarant is unavailable to testify and the defendant has had the opportunity to cross-examine the declarant.  Id. at 1365.  The Crawford court observed that "[w]here testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes: confrontation."  Id. at 1374.  We conclude that the evidence at issue in the case under submission was testimonial in nature under Crawford and inadmissible unless the Crawford requirements were met.

A criminal defendant's most basic rights, however, are subject to waiver.  Peretz v. United States, 501 U.S. 923, 936 (1991).  Although some fundamental rights require the defendant personally to make an informed waiver, "[f]or other rights, however, waiver may be effected by action of counsel . . . [including] what evidentiary objections to raise."  New York v. Hill, 528 U.S. 110, 115-16 (2000) (quoting Henry v. Mississippi, 379 U.S. 443, 451 (1965)).  In the absence of an objection either to the admission of the forensic chemistry report prepared by Agent Mays' or to Agent Eaton's testimony explaining the results of Agent Mays' analysis, we conclude that the Defendant has waived the issue for purposes of appeal.  See Tenn. R. App. P. 36(a); State v. Killebrew, 760 S.W.2d 228, 235 (Tenn. Crim. App. 1988); see also State v. Robinson, 146 S.W.3d 469, 493 (Tenn. 2004) (holding that Crawford is not dispositive of the admissibility of the hearsay evidence at issue because the defendant "opened the door to the testimony he now assigns as error").

Nor do we believe that the admission of Agent Mays' report rises to the level of plain error. Issues that rise to the level of plain error lie within the sound discretion of the appellate court and may be considered: (1) to prevent needless litigation; (2) to prevent injury to the interests of the public; and (3) to prevent prejudice to the judicial process, prevent manifest injustice, or to do substantial justice. See Tenn. R. App. P. 13(b); Tenn. R. Crim. P. 52(b); State v. Adkisson, 899 S.W.2d 626, 638-39 (Tenn. Crim. App. 1994). In Adkisson, this Court stated that "the following factors should be considered by an appellate court when determining whether an error constitutes 'plain error:' (a) the record must clearly establish what occurred in the trial court; (b) a clear and unequivocal rule of law must have been breached; (c) a substantial right of the accused must have been adversely affected; (d) the accused did not waive the issue for tactical reasons; and (e) consideration of the error is 'necessary to do substantial justice." Id. at 641-42.

Consideration of all of the factors is not necessary when it is clear from the record that at least one of the factors cannot be established. State v. Smith, 24 S.W.3d 274, 283 (Tenn. 2000). After a review of the record, we are unable to conclude that The Defendant did not waive the issue as a matter of tactical strategy. The Defendant did not dispute the nature or the weight of the substance obtained on October 5, 2001. The Defendant's theory throughout the trial was based on his contention that he did not sell the drugs to Mr. Lake, and that Mr. Lake misled the police officers as to how he procured the cocaine on the dates in question. The State's witness revealed that the most recent analysis of the drugs sold on October 5, 2001 showed a weight of less than 0.5 grams. It was the jury's prerogative at that point to accredit or discredit Agent Eaton's explanation of the discrepancies in the two reports. "'[A] party cannot, either in a civil or criminal case, sit by and not object to testimony, take his chance of acquittal or conviction on testimony deemed incompetent, and then ask a reversal for such testimony in [the reviewing court.]'" Id. at 283 (quoting McKenzie v. State, 3 Tenn. Crim. App. 362, 368, 462 S.W.2d 243, 246 (1970)). The Defendant is not entitled to relief on this issue.

### III. Sentencing Issues

The Defendant raises various sentencing issues in his appeal. When a defendant challenges the length, range, or manner of service of a sentence, this Court conducts a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). "If the trial court applies inappropriate factors or otherwise fails to follow the 1989 Sentencing Act, the presumption of correctness falls." State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). Because we find that the trial court erred in its discretionary authority under Rule 32 of the Tennessee Rules of Criminal Procedure, our review is de novo without a presumption of correctness.

The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence. Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts. Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing;

(2) the pre-sentence report; (3) the principles of sentencing and arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

The State's only evidence at the sentencing hearing was the Defendant's pre-sentence report. According to the pre-sentence report, the Defendant was convicted of one count of aggravated assault and one count of the sale of cocaine in 1997. He was sentenced to six years imprisonment for the assault conviction and ten years imprisonment for the drug conviction. The Defendant was also convicted in 1997 of two offenses committed in 1992, which consisted of one count of "prohibited weapons" and one count of possession of a weapon with the intent to go armed. He was sentenced to two years for the prohibited weapons conviction and eleven months, twenty-nine days for the possession of a weapon conviction. The Defendant was convicted of the offense of damage to private property in 1992 and sentenced to eleven months, twenty-nine days, which sentence was suspended and the Defendant placed on probation. In 1994, the Defendant was convicted in Illinois of the offense of unlawful use of a weapon and sentenced to thirty months. Also, according to the Defendant's pre-sentence report, he was last employed full-time in March 2000, and was laid off from that job after working approximately two months.

The defense called Mr. Fred Short, the Defendant's former parole officer. Mr. Short testified that he supervised the Defendant for approximately one year. During that time, the Defendant reported as required, paid his fees, and passed a drug screen. Mr. Short said that the Defendant told him he was employed. Mr. Short said that he was not supervising Defendant at the time of his arrest for the present charges. Mr. Short was promoted around October 1, 2001, and the Defendant was arrested on the current charges eleven or twelve days later. Mr. Short said that he did not verify whether the Defendant had paid his court costs and fines and did not remember seeing any pay stubs from the Defendant's employment.

At the conclusion of the sentencing hearing, the trial court found three applicable enhancement factors: factor (2), Defendant has a previous history of criminal convictions; factor (9), Defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community; and factor (14), Defendant committed the offenses while on parole. Tenn. Code Ann. §§ 40-35-114(2), (9) and (14). The trial court placed great weight on Defendant's parole status when the offenses were committed. In mitigation, the trial court considered the fact that Defendant's criminal conduct did not cause or threaten serious bodily injury to anyone but gave this factor little weight in its sentencing considerations. Tenn. Code Ann. § 40-35-113(1).

Because the State did not file a notice of intent to seek enhanced punishment pursuant to Tennessee Code Annotated section 40-35-202, the trial court sentenced Defendant as a Range I, standard offender. Considering the presence of three enhancement factors and the slight weight attributed to the one mitigating factor, the trial court sentenced Defendant to twelve years for his

felony conviction, and eleven months, twenty-nine days for his misdemeanor conviction. The trial court ordered Defendant's felony and misdemeanor sentences to run consecutively to the prior convictions for which he was on parole. In addition, the trial court ordered Defendant's sentences for the current offenses to be served consecutively based upon a finding that Defendant had an extensive criminal history. See Tenn. Code Ann. § 40-35-115(b)(2).

## A. Consecutive Sentencing for Current Offenses

Defendant contends that his criminal history does not rise to the level necessary to support the imposition of consecutive sentencing for his current offenses. Alternatively, Defendant argues that consecutive sentencing is not reasonably related to the seriousness of his crimes. Consecutive sentencing may be imposed in the discretion of the trial court if it finds that one or more of the statutory criteria in Tennessee Code Annotated section 40-35-115(b) exists. "[T]he imposition of consecutive sentencing is also guided by the general sentencing principles that the length of a sentence be 'justly deserved in relation to the seriousness of the offense' and 'no greater than that deserved for the offense committed.'" State v. Imfeld, 70 S.W.3d 698, 708 (Tenn. 2002) (quoting Tenn. Code Ann. §§ 40-35-102(1) and -103(2)); see also State v. Lane, 3 S.W.3d 456, 461 (Tenn. 1999).

Over a span of eight years, the Defendant has been convicted of three felonies in Tennessee and what appears to be one felony offense in Illinois. In addition, the Defendant has two prior misdemeanor convictions. The trial court found that:

> [Defendant's criminal activity] dates back to June of '92. Then a month later, he's out with weapons – charged with possession of weapons with the intent to go armed and charged with prohibited weapons. It appears to the Court that after he made bond on those cases perhaps he must have left Tennessee because he wasn't convicted of those cases until January of [19]97. But when you look at his criminal history, he was arrested in Cook County, Illinois in September of [19]94 and apparently served a thirty-month sentence there.
>
> And, of course, after he was released, he apparently came back to Tennessee and got into more trouble in 1996 for aggravated assault and for selling cocaine. And basically over the last ten or twelve years, [Defendant] has been in and out of trouble – been in and out of the penitentiary and in and out of the jail pretty much that whole time. The only time I can tell that he wasn't in jail was the eighteen months or so that he was out on parole. And there again, while he was out on parole, he's committed new offenses for which he's being sentenced today.

The evidence does not preponderate against the trial court's finding that the Defendant has an extensive history of criminal activity spanning most of his adult life, and this is the Defendant's second conviction for the sale of cocaine. Based upon our review of the record as a whole, the aggregate sentence is deserved in relation to the severity of the offenses and is not greater than the

punishment deserved for the offenses committed. The imposition of consecutive sentencing for the Defendant's felony and misdemeanor convictions is appropriate. The Defendant is not entitled to relief on this issue.

## B. Consecutive Sentencing under Rule 32(c)

The trial court ordered the Defendant's sentences for the current offenses to run consecutively to his sentences for his prior convictions pursuant to Rule 32(c) of the Tennessee Rules of Criminal Procedure. The Defendant does not challenge the trial court's order as it applies to his sentence for his felony conviction. See Tenn. R. Crim. P. 32(c)(3)(A). Defendant argues, however, that the trial court should have considered ordering his misdemeanor sentence to be served concurrently with his prior sentences for which he was on parole when the most recent crimes were committed.

The trial court erroneously concluded at the sentencing hearing that Rule 32(b) did not extend any discretionary authority with regard to whether Defendant's current misdemeanor sentence could be served concurrently to his prior sentences. The trial court, therefore, ordered both Defendant's felony sentence and his misdemeanor sentence to run consecutively to his prior convictions.

Rule 32(c) provides

[w]here a defendant is convicted of multiple offenses from one trial or where the defendant has additional sentences not yet fully served as the result of the convictions in the same or other court and the law requires consecutive sentences, the sentence shall be consecutive whether the judgment explicitly so orders or not. This rule shall apply:
    (A) To a sentence for a felony committed while on parole for a felony;
    (B) To a sentence for escape or for a felony committed while on escape;
    C) To a sentence for a felony where the defendant was released on bail and the defendant is convicted of both offenses; and
    (D) Any other ground provided by law.

Tenn. R. Crim. P. 32(c)(3).

A misdemeanor sentence must be served consecutively to a prior unserved sentence if the prior sentence is not disclosed to the trial court at the time of sentencing, and the defendant's parole is subsequently revoked as a result of the current misdemeanor conviction. Tenn. R. Crim. P. 32(c)(2). The Defendant's prior unserved sentences were disclosed to the trial court. The trial court was allowed to order the Defendant's misdemeanor sentence to be served consecutively to his paroled sentences, but was not required to do so.

This Court has previously held that the exercise of discretion given the trial court by Rule 32(c) essentially involves the consideration of the sentencing criteria provided in Tennessee Code Annotated section 40-35-115(b). State v. Phil Wilkerson, No. 03C01-9708-CR-0036, 1998 WL

379980, at *4 (Tenn. Crim. App., at Knoxville, Jul. 9, 1998); State v. Michael W. Kaufmann, No. 03C01-9607-CC00260, 1997 WL 658764, at *1 (Tenn. Crim. App., at Knoxville, Oct. 22, 1997); State v. Lisa Gaye Copeland, No. 03C01-9605-CC00196, 1997 WL 249834, at *3 (Tenn. Crim. App., at Knoxville, May 13, 1997). We have already concluded that the trial court's order that the Defendant serve his current sentences consecutively is appropriate based on the Defendant's extensive criminal history. The Defendant agrees that his current felony conviction must also be served consecutively to his prior sentences. The Defendant's argument that his current misdemeanor sentence should be served concurrently to his prior sentences would essentially negate the trial court's order of consecutive sentencing for the current offenses. In any event, the trial court's ordering of consecutive sentences is not inappropriate based on the Defendant's extensive record of criminal activity. See Tenn. Code Ann. § 40-35-115(b)(2). The Defendant is not entitled to relief on this issue.

## C. **Blakely** Issues

As previously stated the Defendant was sentenced as a Range I, standard offender, to an effective sentence of twelve years, eleven months and twenty-nine days. The trial court based the Defendant's enhanced sentence on three enhancement factors, factor (2), Defendant has a previous history of criminal convictions; factor (9), Defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community; and factor (14), Defendant committed the offenses while on parole. Tenn. Code Ann. §§ 40-35-114(2), (9) and (14). The Defendant does not challenge the trial court's consideration of enhancement factor (2), and that enhancement factor is clearly supported by the presentence report, which shows that the Defendant has previously been convicted of four felonies. The Defendant argues, however, that the trial court's application of enhancement factors (9) and (14) violate the rule set forth in Blakely v. Washington, 524 U.S. __, 124 S. Ct. 2531 (2004).

The United States Supreme Court's recent opinion in Blakely, calls into question the continuing validity of our current sentencing scheme. In that case, the Court, applying the rule in Apprendi v. New Jersey, 566 U.S. 466, 490 (2000), struck down a provision of the Washington sentencing guidelines that permitted a trial judge to impose an "exceptional sentence" upon the finding of certain statutorily enumerated enhancement factors. Blakely, 124 S. Ct. at 2537. The Court observed that "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." Id. Finally, the Court concluded that "every defendant has a right to insist that the prosecutor prove to a jury [beyond a reasonable doubt] all facts legally essential to the punishment." Id. at 2539.

The Defendant asserts that his sentence is excessive in light of the United States Supreme Court decision in Blakely. Thus, the question becomes whether the sentence imposed by the trial court violates the United States Supreme Court mandate in Blakely. The sentence range for a Class B felony, Range I offender is eight to twelve years. Tenn. Code Ann. § 40-35-112(a)(2) (2003). In calculating the sentence for a Class B felony conviction, the presumptive sentence is the statutory

minimum for a Range I offender if there are no enhancement or mitigating factors. See Tenn. Code Ann. § 40-35-210(c). If there are enhancement but no mitigating factors, the trial court may set the sentence above the minimum, but still within the range. Tenn. Code Ann. § 40-35-210(d). A sentence involving both enhancement and mitigating factors requires an assignment of relative weight for the enhancement factors as a means of increasing the sentence. Tenn. Code Ann. § 40-35-210(e). The sentence must then be reduced within the range by any weight assigned to the mitigating factors present. Tenn. Code Ann. § 40-35-210(e).

First, we address the Defendant's sentence for his misdemeanor conviction. The Blakely decision has no impact on the Defendant's misdemeanor sentence. Unlike a defendant convicted of a felony, the legislature has not extended a statutory presumptive sentence to misdemeanants. Tenn. Code Ann. §§ 40-35-111, -210; State v. Seaton, 914 S.W.2d 129, 133 (Tenn. Crim. App. 1995). The sentencing scheme for misdemeanants establishes only a maximum sentence which may be imposed for a particular class of misdemeanor. Tenn. Code Ann. § 40-35-111(e). Thus, a misdemeanor sentence, unlike a felony sentence, has no sentence range. State v. Baker, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997). The Sixth Amendment concerns expressed in Blakely are not implicated by our misdemeanor sentencing scheme. A trial court is merely required to consider statutory enhancement and mitigating factors in calculating the percentage of the misdemeanant's sentence to be served in confinement, not the length of his or her sentence. Tenn. Code Ann. § 40-35-302(d); State v. Troutman, 979 S.W.2d 271, 274 (Tenn. 1998). Thus, the Defendant's misdemeanor sentence does not raise any Blakely concerns.

Now, we turn to decide whether the Defendant's sentence for his felony conviction is excessive. The trial court properly found that the Defendant has a prior history of criminal convictions, and this finding does not violate Blakely. None of the other enhancement factors used by the trial court to enhance the Defendant's sentence, however, were submitted to a jury or admitted by the Defendant. Therefore, the rule in Blakely precludes application of any of these factors except the enhancement factor based on the Defendant's prior criminal convictions. Because there was only one enhancement factor properly applied by the trial court, the Defendant's sentence must be modified, unless the error was harmless beyond a reasonable doubt. See State v. Chester Wayne Walters, No. M2003-03019-CCA-R3-CD, 2004 WL 2726034, at *22 (Tenn. Crim. App., at Nashville, Nov. 30, 2004).

The majority of this panel agrees with this Court's holding in Walters, where we held that Blakely violations are subject to a Constitutional harmless error analysis. Id. at *24. "While it is true that Blakely concerns the inviolate right to a jury trial, the cornerstone upon which our criminal justice system was constructed, we cannot say that a jury's failure to determine an enhancement factor 'necessarily render[s] a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence.'" Id. (quoting Needer v. United States, 527 U.S. 1, 9 (1999)). Thus, before we modify the Defendant's sentence, we will "review the Blakely errors to determine whether they were harmless beyond a reasonable doubt." Id.; see Chapman v. California, 386 U.S. 18, 24 (1967).

First, we examine the trial court's application of enhancement factor (9), concerning the Defendant's prior unwillingness to comply with the terms or conditions of probation or release. The record reflects that the Defendant violated the terms or conditions of his release on more than one occasion. The Defendant's presentence report proves that, while the Defendant was on probation in July of 1992 he was arrested and subsequently convicted for a weapons offense. In 1996, while on probation for a weapons violation in another state, the Defendant was arrested, and subsequently convicted for, possession of cocaine. Shortly thereafter, in March of 1996, he was arrested for aggravated assault. In May of 1997 the Defendant was convicted of cocaine possession and aggravated assault, and he was sentenced to ten years and six years respectively. In October of 2002, less than four and a half years after his May 1997 convictions, he was convicted for the instant offenses. Accordingly, we hold that the trial court's application of enhancement factor (9) was harmless error.

Similarly, we conclude that the trial court's application of enhancement factor (14), that the Defendant was on probation from a prior felony conviction at the time he committed the offense, was harmless error. As previously mentioned, the Defendant was convicted of cocaine possession and aggravated assault in May of 1997. He was ordered to serve ten and six years, respectively, on probation. While on probation for both these offenses, the Defendant was convicted of the convictions that are the subject of this appeal. Therefore, we conclude that the trial court's application of this factor was harmless error.

The trial court sentenced the Defendant to twelve years for his Class B felony conviction, which is four years over the presumptive sentence of eight years for a Range I, standard offender, based on a finding that three enhancement factors were applicable. As stated above, we conclude that the trial court's application of enhancement factor (2) did not violate Blakely. Further, the application of enchancement factor (9) and (14) were harmless error. Accordingly, we affirm the Defendant's sentence of twelve years.

## IV. Conclusion

After a thorough review of the record, we affirm the Defendant's convictions and sentence and the trial court's imposition of consecutive sentencing.

_____
ROBERT W. WEDEMEYER, JUDGE

-10-