HENRY WADE *v.* THE STATE.

CRIMINAL LAW. *Evidence.* The evidence of a witness who has since died, before a committing court, can be proved by any one who heard his testimony, although it was not reduced to writing, provided the person will on oath undertake to repeat it in such detail as the court may require.

Case cited: Hendrick *v.* The State, 10 Hum., 479.

Code cited: Sec. 488.

FROM RUTHERFORD.

Appeal from the Criminal Court.

No record found.

McFARLAND, J., delivered the opinion of the court.

The prisoner was convicted of the crime of stealing a horse, the property of W. A. Ransom, in Rutherford county, and sentenced to ten years in the penitentiary, and has appealed from the judgment, and for a reversal the following questions are made:

1. The State was allowed to prove the statements made by one Inman, when examined as a witness before the magistrate who, upon a preliminary examination, committed the defendant to answer for this offense. Inman having since died. For this purpose Clark, the magistrate, and one Arnold were examined. This precise question was elaborately examined by this court in *Hendrick* v. *The State,* 10 Hum., 479, and it was held that the evidence was admissible in criminal

as well as civil cases. The specific objection here is, that the evidence was not taken down by the committing magistrate as directed by the statute. In the case referred to of *Hendrick* v. *The State,* as in this case the evidence of the deceased witness was given before a committing magistrate, and it was held competent to prove his statement by any person who was present and heard the *viva voce* testimony of the deceased,—the judge, jurors, counsel or bystander, may prove it, provided he will on his oath undertake to repeat it in such detail as the court may require : sec. 488. If so, it is for this wholly immaterial whether it was taken down in writing or not. Next it is argued that the testimony of one or both of these witnesses should have been excluded upon defendant's motion, for the reason that one witness details important facts as deposd to by Inman, not detailed by the other. The rule laid down in the case above cited is, that to make the testimony admissible, the witness must upon his oath be able to undertake to repeat in substance all that was said by deceased both upon his direct and cross-examination, upon the subject which he is called to prove. The reason of this is obvious. He should not be permitted to prove a statement made by the deceased witness unless he is able to give what the witness may have further said on cross-examination on the same subject. It often happens that the force of a witness's testimony is materially changed by cross-examination or by additional facts. The testimony of a witness upon any one subject should be taken all together. The admissibility

of the testimony is a question for the court, The objection here is, not that the witnesses did not profess to have heard and remembered all the testimony of deceased witness, but that in point of fact one witness does detail more than the other. This objection is not sound. The witnesses were both competent— they differed in their detail of the facts. It is necessary that they shall profess to be able to detail the substance of all that was said by the deceased witness if called for, but it is not essential that they state everything that was in fact said on all subjects. The witness may not be asked the question. Neither party may desire it. If it be essential that the witnesses shall agree literally as to thier evidence, this would reverse all rules of evidence. The difference in this case may have been owing to the mode of examination.

2. It is argued that the statements of the prisoner made to the deceased witness Inman should have been excluded because made under the influence of fear. This objection is not tenable. Inman proved that near Murfreesboro the prisoner passed him on the road riding fast, he halted him but he did not stop; he drew his pistol on him and compelled him to stop. Inman asked him whose horse he was riding. Prisoner replied it was his father's, to go home with him and he would prove it. Inman started to go, but remembered that witness's father owned no horse, and he then returned with the prisoner to town. On the way prisoner admitted that it was not his father's horse, but that he got him in town. The pistol was

Wade *v.* The State.

only drawn to compel the prisoner to halt. The statement then made was not a confession. At the time the confession was made there was no violence used. It is clear that no confession was extorted. The charge we think free of just exceptions. No ·doubt can be entertained of the prisoner's guilt. The prosecution agreed to loan his horse to Wade to ride home, and hitched him near the court house and told Wade when he could get him. Wade did not go home. Soon after the prisoner was found in posses-sion of the horse making rapidly away. At first re-fuses to stop, but when compelled to, gives a full statement as to where he got the horse; and after-wards admits he got the horse in town, without any other explanation of his possession. He did not at-tempt to show that he held the horse by permission of J. C. or Ransom Wade. The legal presumption that he stole the horse out of the actual or construct-ive possession of the owner is no way rebutted.

Affirm the judgment.