**James E. SOMERVILLE, Plaintiff in Error,**

v.

**STATE of Tennessee, Defendant in Error.**

Court of Criminal Appeals of Tennessee.

June 14, 1972.

John L. Kennon and Marvin P. Morton, Jr., Paris, for plaintiff in error.

David M. Pack, Atty. Gen., Weldon B. White, Jr., Asst. Atty. Gen., Nashville, W. R. Kinton, Jr., Dist. Atty. Gen., A. H. Schoonover, Asst. Dist. Atty. Gen., Trenton, Julian P. Guinn, Sp. Prosecutor, Paris, for defendant in error.

## OPINION

WALKER, Presiding Judge.

On his trial under three indictments, the jury convicted the defendant, James E. Somerville, of burglary and assault with intent to commit first degree murder. The trial judge directed a verdict of not guilty on the charge of robbery with a deadly weapon. Somerville appeals in error from these convictions and sentences of five years for burglary and three to fifteen years for assault to commit first degree murder. The sentences are concurrent but consecutive to a murder case then on appeal.

The question presented here is whether or not the trial judge erred by refusing to permit into evidence the preliminary hearing testimony of R. Tip Bowden, Chief of Police of the City of Paris, when it developed that he was ill and unable to testify. This evidence was offered particularly to impeach the testimony of the state's principal witness, James E. Moore, the victim of the burglary and assault.

The state's proof showed that Mr. Moore and his wife returned home from work the evening of May 2, 1970, and found it being burglarized. The prowler had one hand over his eyes and shot Mr. Moore five or six times with a .38 caliber pistol. At some time Somerville had worked for Mr. Moore. When officers arrived and he was on the floor, Mr. Moore said he did not know who shot him. On cross-examination the defendant laid a predicate for impeachment. Mr. Moore testified that several days after the crime he told the Chief of Police in the hospital that the defendant was the person who committed the crime.

Mrs. Moore was dead at the time of the trial and the state's case depended entirely on the identification by Mr. Moore. The defendant did not testify. He contends that Mr. Moore first claimed to identify him June 2, 1970, at the preliminary hearing.

To impeach Mr. Moore on this crucial issue, the defendant intended to offer the testimony of the Chief of Police, Mr. Bowden. When the trial judge ruled that the witness was too ill to come to court, the defendant made an offer of proof of his testimony at the preliminary hearing. At that hearing, attorneys had represented both sides and the witness had been examined and cross-examined. Somerville was there represented by a different attorney from his present court-appointed counsel. The first attorney's secretary recorded on a tape the proceedings at the preliminary hearing and also transcribed the testimony.

The record shows that the first attorney was at this trial to testify about the proceedings at the preliminary hearing.

The defendant then made an offer of proof of Mr. Bowden's testimony at the preliminary hearing in part to the effect that several days after the incident he asked Mr. Moore at the hospital if he knew who shot him and he replied that he did not; that about ten days later when Mr. Moore had been released from the hospital Bowden asked the same question and Mr. Moore's reply was the same, that he did not know who did the shooting.

The trial judge held this evidence inadmissible, and, in substance, that no one other than Mr. Bowden could testify as to his testimony at the preliminary hearing.

■ In criminal cases, the testimony of a witness at a former trial or in the accused's presence at a preliminary hearing may be proved as evidence in a subsequent trial of the accused if the witness is dead. Kendrick v. State, 29 Tenn. 479; Wade v. State, 66 Tenn. 80; McBee v. State, 213 Tenn. 15, 372 S.W.2d 173; Blankenship v. State, 1 Tenn.Crim.App. 178, 432 S.W.2d 679.

The same rule applies when the witness is in a foreign country beyond the jurisdiction of the court. Stubbs v. State, 216 Tenn. 567, 393 S.W.2d 150.

We have found no case in Tennessee considering the applicability of this rule when the witness is ill. The majority rule is that the testimony given by a witness at a former trial or in the presence of an accused at a preliminary hearing may be reproduced at the trial where the witness is unable because of illness or insanity to attend court at the term at which the case is tried. See 15 A.L.R. 522; 79 A.L.R. 1400; 122 A.L.R. 429, 159 A.L.R. 1245. It is generally held that such testimony is admissible. Underhill's Criminal Evidence, 5th Ed., Sec. 422.

For evidence under these circumstances to be admissible, the state argues that the testimony must be certified to be correct by the trial judge and approved by counsel. It relies on McBee v. State, supra, and Blankenship v. State, supra. Those cases do not hold that is the exclusive method of proof.

In considering the question of the manner in bringing this evidence before the jury, in Kendrick v. State, supra, the court held that any person who was present and heard the former viva voce testimony, the judge, counsel, juror or bystander could state it, provided he will, on his oath, undertake to repeat it in such detail as the practice of the court may require. In that case the court admitted a witness to testify to the substance of the preliminary hearing testimony of a witness who was dead at the time of the trial. The court pointed out that this rule may be important to the defendant.

■ We hold that the testimony of the Chief of Police at the preliminary hearing was admissible and that the attorney who represented the defendant there could properly reproduce the testimony given by the witness there.

It results that the judgments in both cases must be reversed and the cases remanded for new trials.

MITCHELL and RUSSELL, JJ., concur.