STATE of Tennessee, Appellee,

v.

James Owen HUDSON, II, Appellant.

No. 131.

Court of Criminal Appeals of Tennessee, Jackson.

Nov. 5, 1981.

Permission to Appeal Denied by Supreme Court Feb. 22, 1982.

William M. Leech, Jr., Atty. Gen., William W. Hunt, III, Rhona J. Cartwright, Asst. Attys. Gen., Nashville, P. T. Hoover, Jr., Asst. Dist. Atty. Gen., Memphis, for appellee.

James O. Marty, Memphis, for appellant.

## OPINION

WALKER, Presiding Judge.

The appellant, James Owen Hudson, II, was convicted of robbery by means of a deadly weapon and sentenced to ten years in the penitentiary. Under a separate indictment he was convicted of carrying a pistol and sentenced to pay a fine of $1000.

On appeal we find no reversible error in either case and affirm the convictions.

The state's evidence, which the jury accredited, showed that about noon, October 12, 1979, a lone robber, armed with a pistol, entered McDonald's Pharmacy in Memphis

and handed a paper to Marsha Jackson, an employee there. The paper read, "Give me all of your dilaudid and preludin or I'll kill you." Ms. Jackson gave the paper to Terri Kelly, a pharmacist, who followed the appellant's directions by placing these drugs in a sack. Both Ms. Jackson and Ms. Kelly made positive in-court identifications of appellant as the robber and said that their identifications were based only on their on-the-scene observations.

The robber pointed the pistol at each of the women. When Ms. Jackson reached toward her pocket to get a cigarette, Hudson said, "I told you to keep your hands by your side while she gets the stuff or I'll shoot you."

When the appellant ran out of the store with the drugs, Ms. Jackson ran to the front door and saw a green car with a "whitish" top speeding away from the parking lot. She testified that a photograph of a car introduced into evidence was similar to the one she saw. This car belonged to the appellant's girl friend.

Sergeant Houston of the Memphis Police Department testified that on appellant's arrest about 2:00 p. m., November 19, 1979, the appellant, after receiving *Miranda* warnings, confessed to the robbery; that he again confessed at police headquarters, but about 4:20 p. m. he requested his attorney before talking any more. The appellant's attorney was out of town and the interrogation then ceased. The trial judge suppressed a third statement made November 20 after the request, and it was not introduced.

The appellant did not testify before the jury or offer any evidence.

By his first issue, Hudson says that the in-court identification of the witnesses was tainted by the officers' investigatory techniques.

In a hearing on a motion to suppress the lineup identification of Ms. Jackson, the sole question raised by the appellant was the violation of his right to counsel under *State v. Mitchell*, 593 S.W.2d 280 (Tenn. 1980). When the trial judge said that he understood that the hearing was on whether or not the in-court identification was tainted by any type of suggestive confrontation, defense counsel replied, "No, that's not right. We're challenging the in-court identification for the fact that he was not allowed counsel."

Although the trial judge announced that the evidence showed no suggestiveness, with which we agree, counsel made clear at the suppression hearing that his only complaint was lack of counsel. The trial judge agreed with him and suppressed the lineup identification. He carefully interrogated the witnesses on this point.

Ms. Jackson alone was shown a lineup; both she and Ms. Kelly were shown photographic displays.

■ On appeal Hudson contends that the lineup was suggestive. That question was waived by his failure to raise it at the suppression hearing. In any event, we find no suggestiveness in the lineup nor the photograph displays observed by Ms. Jackson and Ms. Kelly.

■ At trial these witnesses based their identifications alone on their on-the-scene observations unaided by the out-of-court procedures. The lighting conditions in the pharmacy were good. In addition, Ms. Jackson gave a clear description of the robber before his arrest. The in-court identifications of Ms. Jackson and Ms. Kelly were not tainted by any suggestive procedure. This issue is meritless.

Hudson next claims that he should have been permitted to testify for the limited purpose of rebutting the state's evidence on his confessions.

At the hearing on the motion to suppress, Hudson denied making any confession. The court found that Hudson had made three statements, but that one was inadmissible. Following the ruling of the court, appellant moved that if evidence of these two confessions were introduced by the state in chief that he be allowed to either (1) take the stand for the limited purpose of rebuttal, or (2) call the court reporter to read appellant's testimony at the suppression hearing.

He says that the court erred in denying his motion.

■ Once a defendant takes the stand, he becomes a witness for all purposes, and he waives his right against self-incrimination. His testimony necessarily cannot be limited. *Hicks v. State*, 480 S.W.2d 357 (Tenn.Cr.App.1972).

■ The appellant's reliance on *Rucker v. Tollett*, 4 Tenn.Cr.App. 672, 475 S.W.2d 207 (1971), as authority for permitting the court reporter to read appellant's testimony at the suppression hearing is misplaced. That case approved the reporter being called as a witness of the voluntariness of the confession which he had taken. Here the appellant wanted his testimony at the suppression hearing admitted on the truth of the facts related there and to attack the credibility of the witnesses upholding the confession. The testimony of a witness at a prior hearing is admissible if that witness is unavailable. *Somerville v. State*, 483 S.W.2d 757 (Tenn.Cr.App.1972). Death or illness of the witness or absence in a foreign jurisdiction have been recognized as valid reasons to hold a witness unavailable. *Blankenship v. State*, 1 Tenn.Cr.App. 178, 432 S.W.2d 679 (1967); *Stubbs v. State*, 216 Tenn. 567, 393 S.W.2d 150 (1965); *Somerville v. State*, supra.

■ Here the appellant-declarant was available and the trial judge properly held that the court reporter could not read the appellant's testimony in the suppression hearing. This issue is overruled.

■ Next, the appellant argues that the court erred by admitting into evidence the photograph and registration of his girl friend's car. He failed to object to the admission of the photograph although he did object to the relevance of the registration. However, he did not raise either complaint in his new trial motion and this issue is waived. T.R.A.P. 3(e); *State v. Branam*, 604 S.W.2d 892 (Tenn.Cr.App.1980).

■ Considering the attack on the sufficiency of the evidence, we find that the record shows that two eyewitnesses clearly identified the appellant as the robber and he confessed to the crime. No evidence was submitted to the contrary. Any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Rule 13(e), T.R.A.P.

■ Appellant next asserts that the time between his arrest and his initial appearance before a magistrate was too long. Rule 5(a), Tenn.R.Crim.P. He says that this was 24 hours and 45 minutes. He did not present this question to the trial court either prior to trial as required by Rule 12, Tenn.R.Crim.P., or in his motion for a new trial. It is therefore waived. *State v. Branam*, supra.

Finally, the appellant insists that the trial judge improperly fixed his armed robbery sentence consecutive to a sentence for armed robbery in a prior trial.

In his order of October 29, 1980, making the sentence consecutive, the trial judge recites that the appellant committed the first armed robbery on January 18, 1979, and was on bond for that offense October 12, 1979, when the present robbery was committed. Hudson was convicted of the first robbery April 23, 1980.

In his order fixing the present sentence consecutive to the earlier one, the trial judge also held that the appellant was a dangerous offender, having committed two crimes of violence within a relatively short time of each other.

The trial judge relied first on TCA 40–2711(b) which requires the court to fix a cumulative sentence when a defendant, on bail for one offense, commits a felony and is convicted of both offenses. This provision became effective July 1, 1979. The trial judge found this statute applicable in spite of Hudson's claims that it here constituted *ex post facto* imposition of punishment.

■ Without the necessity of deciding the question of the proper application of TCA 40–2711(b), we think that the trial judge properly found the appellant a dangerous offender under *Gray v. State*, 538 S.W.2d 391 (Tenn.1976).

The appellant committed the robbery for drugs with a pistol and suggested to both women that he would shoot or kill them. He pointed his pistol at them and again threatened to kill Ms. Jackson when she lowered her arms. He manifested a disregard for human life and the trial judge was warranted in making the sentences consecutive.

All assignments are overruled and the judgments are affirmed.

TATUM and CORNELIUS, JJ., concur.